ACCEPTED
14-15-00273-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
5/1/2015 2:39:45 PM
CHRISTOPHER PRINE
CLERK

No. 14-15-00273-CV

# In the Court of Appeals for the 14ᵗʰ Judicial District Houston, Texas

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

5/1/2015 2:39:45 PM

CHRISTOPHER A. PRINE
Clerk

*In re* CONNIE V. HARRISON

Original Proceeding Arising from the
311ᵗʰ Judicial District of Harris County, Texas
Trial Court Cause No. 2006-68864
The Honorable Alicia Franklin

## REAL PARTY IN INTEREST CLIFFORD LAYNE HARRISON'S RESPONSE TO RELATOR'S PETITION FOR WRIT OF MANDAMUS

SARAH HIRSCH JOYCE | ATTORNEY AT LAW

Sarah Hirsch Joyce
State Bar No. 24092522
4627 Ingersoll Street
Houston, Texas 77027
(832) 877-3001
(855) 624-7224 Facsimile
SarahHirschJoyce@gmail.com
Attorney for Clifford Layne Harrison, Real
Party in Interest

# TABLE OF CONTENTS

APPENDIX TABLE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv
PARTY ABBREVIATIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v
INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi
STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-36

**I. Relator Has Not Satisfied Her Obligation to Provide This Court with a Complete and Adequate Record Sufficient to Establish Her Entitlement to Relief.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A. Relator has failed to provide this court with material documents supporting her claims for relief in accordance with the Texas Rules of Appellate Procedure. . . . . . . . . . . . . . . . . . . . . . . . . 5

    B. Relator's *Petition* and record are not authenticated as required by the Texas Rules of Appellate Procedure. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    Summary Of Argument - Issue I. . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**II. Relator is Estopped from Now Asserting that the MSA is Enforceable, as it is Clearly Inconsistent with a Position Previously Taken.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    A. Relator filed multiple motions before the trial court asserting her position that the *Mediated Settlement Agreement* was not enforceable. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

        (1) Relator's Motion to Set Aside the MSA . . . . . . 15

        (2) Relator's Objection to Entry. . . . . . . . . . . . . . 16

       (3)     Relator's Objection to Mediation . . . . . . . . . . 16

B. Relator's prior conduct and behavior is also inconsistent with her position that she is now entitled to relief enforcing the *Mediated Settlement.* . . . . . . . . . . . . . . . .17

Summary Of Argument - Issue II. . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

**III. The Trial Court Did Not Abuse Its Discretion in Modifying the Orders to Protect the Safety and Welfare of the Children Subject to this Suit.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

    A. The Instant Case is Distinguishable from the Texas Supreme Court case of *In Re Lee.* . . . . . . . . . . . . . . . . . . . . . . . . 23

        (1) The trial court acted within their discretion considering the specific facts and circumstances of this case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

        (2) The public policy of this State supports the trial court's decision. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

    B. The trial court modified the existing order to protect the safety and welfare of the children subject to this suit. . . . . . . . . . . 27

Summary Of Argument – Issue III. . . . . . . . . . . . . . . . . . . . . . . . . . . 34

CONCLUSION AND PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

CERTIFICATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . .38

# APPENDIX TABLE

*Appendix A*  - Relator's Motion to Enter the Mediated Settlement Agreement

*Appendix B*  - Relator's Motion to Set Aside the MSA

*Appendix C*  - Relator's Objection to Entry

*Appendix D*  - Relator's Objection to Mediation

*Appendix E*  - Trial Court's Finding of Family Violence (2007)

*Appendix F*  - *Additional Temporary Orders* – May 30, 2014

*Appendix G*  - *Final Decree* – March 27, 2015

*Appendix H*  - Letter from Second Baptist School – March 10, 2014

*Appendix I*  - Email from Relator to Second Baptist School – March 6, 2014

*Appendix J*  - Email from Relator to Mr. Harrison

*Appendix K*  - First Emergency Motion to Modify – May 14, 2014

*Appendix L*  - Motion for Enforcement – September 2, 2014

*Appendix M*  - Second Motion to Modify – August 19, 2014

 

 

    \* For the convenience of the Court, Real Party in Interest has cited to their appendix exhibits alphabetically to distinguish from Relator's numerical appendix citations in her petition. References to Relator's appendix in this response will be cited as, "*Relator's Appendix #.*"

# PARTY ABBREVIATIONS

(1) **"RELATOR"** – CONNIE VASQUEZ HARRISON

(2) **"MR. HARRISON"** OR **"REAL PARTY IN INTEREST"** : CLIFFORD LAYNE HARRISON — (interchangeably referred to throughout by name "MR. HARRISON" and as "REAL PARTY IN INTEREST")

(3) **"RESPONDENT"** – THE HONORABLE ALICIA FRANKLIN

(4) "**AMICUS" –** AMICUS ATTORNEY, HEATHER M. HUGHES

*(5)* **"THE CHILDREN"—** J.E.L.H., II AND V.M.H., the minor children subject to this suit.

# INDEX OF AUTHORITIES

Atkinson Gas Co. v. Albrecht, 878 S.W.2d 236 (Tex. App.—Corpus Christi 1994)  11

Barnes v. State, 832 S.W.2d 424 (Tex. App.—Houston [1st Dist.] 1992) ..... 2, 4, 6

Bolton v. Coats, 608 S.W.2d 722 (Tex. Civ. App.—Tyler 1980) ........................ 5

Boyd v. Boyd, 67 S.W.3d 398 (Tex. App.—Fort Worth 2002) .......................... 23

Brooks v. Brooks, 257 S.W.3d 418 (Tex. App.—Fort Worth 2008) .................... 11

Brownlee v. Brownlee, 665 S.W.2d 111 (Tex. 1984) ....................................... 7, 8

Combs v. Health Care Servs. Corp., 401 S.W.3d 623 (Tex. 2013) ..................... 22

Dickerson v. Dickerson, ___ S.W.3d ___ (Tex. App.—Fort Worth Nov. 26, 2014) (2014 WL 6686496) ................................................................................ 11

Goggin v. Grimes, 969 S.W.2d 135 (Tex. App.—Houston [14th Dist.] 1998) .. 7, 8

Holt v. F.F. Enters., 990 S.W.2d 756 (Tex. App.—Amarillo 1998) ...................... 4

In re Amaro, 2014 Tex. App. LEXIS 5381 (Tex. App.—Houston [14th Dist.] May 20, 2014) ................................................................................................ 6

In re Buholtz, 2014 Tex. App. LEXIS 11757, 2014 WL 5426127 (Tex. App.—Dallas Oct. 27, 2014) ................................................................................... 4

In re Butler, 270 S.W.3d 757 (Tex. App.—Dallas 2008) ................................. 8, 9

In re Casanova, ___ S.W.3d ___ (Tex. App.—Dallas 2014) .............................. 24

In re Chavez, 62 S.W.3d 225 (Tex. App.—Amarillo 2001) ................................. 6

In re Cox, No. 07-06-0271-CV, 2006 Tex. App. LEXIS 6196, 2006 WL 2010901(Tex. App.—Amarillo July 19, 2006) ................................................... 4

In re Fennell, No. 04-05-00251-CV, 2005 Tex. App. LEXIS 3549 (Tex. App.—San Antonio May 11, 2005) ............................................................ 5

In re Hickman-Bey, No. 13-11-00573-CV, 2011 Tex. App. LEXIS 7613 (Tex. App.—Corpus Christi Sept. 16, 2011) ............................................. 5

In re Lackey, No. 07-05-0276-CV, 2005 Tex. App. LEXIS 6399, 2005 WL 1918905 (Tex. App.—Amarillo Aug. 11, 2005) ................................... 4

In re Lee, 411 S.W.3d 445 (Tex. 2013) ......................................... *cited throughout*

In re Lowery, 2014 Tex. App. LEXIS 12377 (Tex. App.—Dallas Nov. 13, 2014)  2

In re Michele Le, 335 S.W.3d 808 (Tex. App.—Houston [14th Dist.] 2011) .. 1, 10

In re Morrison, 2015 Tex. App. LEXIS 1690 (Tex. App.—Dallas Feb. 20, 2015)  5

Lopez v. Munoz, Hockema & Reed, 22 S.W.3d 857 (Tex. 2000) ....................... 11

Metzger v. Sebek, 892 S.W.2d 20 (Tex. App.—Houston [1st Dist.] 1994) ........... 5

Molinet v. Kimbrell, 356 S.W.3d 407 (Tex. 2011) ............................................. 22

Republic Nat'l Leasing Corp. v. Schindler, 717 S.W.2d 606 (Tex. 1986) (per curiam) ............................................................................................... 7

Tex. DOT v. City of Sunset Valley, 146 S.W.3d 637 (Tex. 2004) ..................... 22

**STATUTES AND RULES**

Tex. Civ. Prac. & Rem. Code Ann. § 154.002 (West) ........................................ 22

Tex. Civ. Prac. & Rem. Code Ann. § 153.0071 ................................. 22, 23, 29, 31

Tex. Civ. Prac. & Rem. Code Ann. § 132.001 ..................................................... 8

Tex. Fam. Code Ann. § 153.0071(e)(1) ............................................................. 12

Tex. Fam. Code Ann. § 153.0071............................................. 13, 16, 17, 19, 22

Tex. Fam. Code Ann. § 153.0071(e) ....................................................... 17

Tex. Fam. Code Ann. § 157.374 ............................................................. 19

Tex. Fam. Code Ann. § 156.101(a)(1) .................................................... 19

Tex. Fam. Code Ann. § 6.602 ................................................................ 22

Tex. Fam. Code Ann. § 105.001(b) ........................................................ 31

Tex. Fam. Code Ann. § 105.001(a) ........................................................ 31

Tex. Fam. Code Ann. § 153.001 (West) ................................................. 31

Tex. R. App. P. 52 ................................................... 1, 2, 3, 5, 6, 7, 9, 10

Tex. R. App. P. 52(k)(1) ......................................................................... 3

Tex. R. App. P. 57(a) .............................................................................. 3

**STATEMENT OF THE CASE**

This divorce action was filed in 2006. After numerous continuances, resets and Relator's changes in counsel (approximately 9 at the time of trial, now 20), this case was tried to a jury beginning in March 2010 and ending in April 2010. The court signed a decree in June 2010. Relator appealed the final order in September 2010.

In December 2012, this Court reversed and remanded the case to the trial court for a new trial, with the exception that it affirmed the divorce between the parties as of June 2010.

This case was preferentially set for trial a number of times in 2013 and into the beginning of 2014.

Pursuant to a court order, the parties participated in mediation and signed a mediated settlement agreement ("*MSA*") in January 2014. In April 2014, the court signed an order to comport with the mediated settlement agreement ("*Agreed Order*").

This matter has resulted in multiple orders and an MSA, therefore Real Party in Interest lists the orders and the agreement subject to this suit in chronological order:

- *Mediated Settlement Agreement* - January 29, 2014

  On January 29, 2014 in Cause. No. 2006-68864, styled "*In the Matter of the*

1

*Marriage of Clifford Layne Harrison and Connie Vasquez Harrison,"* in the 311[th]

District Court of Harris County, the parties, their respective counsel and the court

appointed Amicus attorney signed a mediated settlement agreement addressing all

provisions related to the children (*See Relator's Appendix 1*).

- *Relator's Motion to Set Aside the MSA* and *Objection to Entry* - March 13, 2014

Relator contends in her motion that she was a victim of family violence and

that circumstance impaired her ability to make decisions. Further she alleged that

the MSA was not in the best interest of the children. *Appendix B*.

- *"Interim Agreed Order"* - April 10, 2014

On April 10, 2014, the trial court signed *an Interim Agreed Order on*

*Parent-Child Issues* comporting with the terms of the MSA. *Relator's Appendix 2*.

- *Relator's Objection to Mediation* – April 14, 2014

Relator again states that she was a victim of family violence and that

circumstance impaired her ability to make decisions and thus have the capacity to

participate in mediation. *Appendix D*.

- *Emergency Motion to Modify the Currently Controlling Orders for the Minor Children Subject of this Suit* - May 14, 2014

Mr. Harrison filed an emergency motion concerning the safety and welfare

of the children after being kicked out of their school. *Appendix K*.

2

- *Additional Temporary Orders* – May 30, 2014

The trial court issued an order granting Mr. Harrison the ability to pursue seeking enrollment for his children at other schools. *Relator's Appendix 9.*

- *Motion to Set Aside the MSA, or Alternatively, Motion to Modify the Interim Order* – August 19, 2014

Mr. Harrison again urges the court to modify the orders citing concerns for the emotional and physical wellbeing of the children. *Appendix M.*

- *Motion for Enforcement of Possession and Access and Order to Appear* – September 2, 2014

*Appendix L.*

- *Order Granting Petitioner's Motion for Temporary Orders on Parent-Child Issues* – September 3, 2014

The trial court granted Petitioner's motion appointing Mr. Harrison as sole managing conservator noting that its orders were "for the safety and welfare and in the best interest of the children." *Relator's Appendix 11.*

- *Final Order and Decree* – March 27, 2015

Following a nine (9) day trial, the RESPONDENT issued her orders appointing Mr. Harrison sole managing conservator and Relator, possessor conservator with supervised visitation. *Appendix G.*

**ARGUMENT**

I. **RELATOR HAS NOT SATISFIED HER OBLIGATION TO PROVIDE THIS COURT WITH A COMPLETE AND ADEQUATE RECORD SUFFICIENT TO ESTABLISH HER ENTITLEMENT TO RELIEF.**

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004). Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). The most important of these rules is the obligation to provide the reviewing court with a complete and adequate record sufficient to establish the relator's entitlement to relief. *Id*. (citing *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992). Specifically, relator is obligated to furnish a record containing a certified or sworn copy of every document filed in the underlying proceeding that is material to relator's claims for relief. TEX. R. APP. P. 52.7(a)(1). In this case, Relator has failed to conform to the applicable rules of procedure, and as a result, has failed to show entitlement to the mandamus relief she seeks from this Court.

In the instant case, Relator has failed to provide this Court with material documents supporting her claims for relief. *See generally Relator's Petition*. Relator has not included in her appendix a certified or sworn copy of her *Emergency Motion to Enforce the Mediated Settlement Agreement*, or the trial

4

court's order denying such motion—though she cites to both within her petition. (*See Relator's Petition* page 12, 23 *citing* 'Appendix 16' – despite no such appendix being attached to Relator's mandamus record.). In addition, there is other relevant information Relator cites in her petition that she omits from her appendix, and consequently, there are several instances where Relator refers to facts that have no documentation in support. *See generally, Relator's Petition.*

Here, the record is lacking of any documents (authenticated or otherwise) establishing that Relator's *Motion to Enter the Mediated Settlement Agreement* was ever filed, or properly brought to the attention of the trial court. Further, the documents that Relator *does attach* in support of her petition for writ of mandamus do not satisfy the authentication requirements of Tex. Rule App. Proc. 52. *In re Lowery,* 2014 Tex. App. LEXIS 12377, 2 (Tex. App. Dallas Nov. 13, 2014). Each of these deficiencies, discussed herein, is alone sufficient to warrant denial of the petition.

A. **Relator has failed to provide this court with material documents supporting her claims for relief in accordance with the Texas Rules of Appellate Procedure.**

It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a *pro se* applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other

requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally*, Tex. R. App. P. 52.3.

In pertinent part, Tex. R. App. P. Rule 52(k)(1) *Appendix*, provides:

> (1)  *Necessary Contents* -- The appendix must contain:
>    (A)  a certified or sworn copy of any order complained of, or any other document showing the matter complained of;

TEX. R. APP. P. RULE 52(k)(1).

In considering the contents and form of the record to be attached to a relator's petition for writ of mandamus, Tex. R. App. P. 52.7(a) imparts:

> (a)  *Filing by Relator Required.*  -- Relator must file with the petition:
>    (1)  *a certified or sworn copy of every document that is material to the relator's claim for relief* and that was filed in any underlying proceeding; and
>    (2)  a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained.

TEX. R. APP. P. RULE 57(a). (*emphasis added*).

In this regard, it is clear that the Texas Rules of Appellate Procedure obligate Relator to accompany her petition with a certified or sworn copy of any motion or document indicating the basis for the complaint. Tex. R. App. Proc. 52.3(j)(1)(A), R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record). The omission of these required documents requires denial of relief by the Court. *In re Lackey,* 2005 Tex.

6

App. LEXIS 6399, 5, 2005 WL 1918905 (Tex. App. Amarillo Aug. 11, 2005). *See id.*

As applied to this proceeding, the rules required Relator to provide this Court with, *at a minimum*, a copy of the motion forming the basis of her complaint. *Id.* In this case, the document showing the matter complained of would be the motion requesting the mediated settlement agreement be enforced. Although Relator represents that the motion was properly filed and presented to the trial court, this does not relieve her from the obligation to provide documentation of such to *this* Court. *Holt v. F.F. Enters.*, 990 S.W.2d 756, 759 (Tex. App.-Amarillo 1998, pet. denied); *In re Cox*, 2006 Tex. App. LEXIS 6196, 1-2, 2006 WL 2010901 (Tex. App. Amarillo July 19, 2006). This pleading cannot be located anywhere in Relator's mandamus record. Without it, this Court cannot conclude the document was properly before the trial court, that a copy had been timely presented to opposing counsel, or that the Relator had complied with rules regarding certificate of conference with opposing counsel. *See Barnes*, 832 S.W.2d at 427; *See In re Buholtz,* 2014 Tex. App. LEXIS 11757, 2-3, 2014 WL 5426127 (Tex. App. Dallas Oct. 27, 2014) (Absent a proper record, the Court cannot determine whether the motions Relator contends she has filed are in fact on file with the trial court and have not been resolved).

Further, a court is not required to consider a motion that has not been

properly called to its attention. *In re Morrison*, 2015 Tex. App. LEXIS 1690, 2 (Tex. App. Dallas Feb. 20, 2015) *citing In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex. App.—Houston [1st Dist.] 1994, writ denied). The duty to procure a hearing rests on the moving party, not upon the trial judge. *Bolton's Estate v. Coats*, 608 S.W.2d 722, 729 (Tex. Civ. App.—Tyler 1980, writ ref'd n.r.e.). Relator has provided nothing to this Court that she procured a hearing on her motion.

It is Relator's burden to provide a record under Tex. R. App. P. 52.3(j) and 52.7(a) sufficient to establish his right to mandamus relief; however, Relator's petition does not demonstrate that she has taken any measures to properly obtain a ruling from the trial court on her motion. TEX. R. APP. P. 52.3(j); TEX. R. APP. P. 52.7(a); *In re Hickman-bey*, 2011 Tex. App. LEXIS 7613 (Tex. App. Corpus Christi, Sept. 16 2011). [1] She has not provided the Court with a copy of the motion she asserts she filed in the trial court, a copy of the trial court's docket, or any other proof that the motion was properly filed and pending before the trial court. *See generally Relator's Petition; See also In re Fennell*, 2005 Tex. App. LEXIS 3549 (Tex. App. San Antonio, May 11 2005); *In re Amaro*, 2014 Tex. App. LEXIS 5381

---

[1] (Relator did not show he was entitled to mandamus relief directing the trial court to rule on motions filed because he did not provide the court with a record or appendix in accordance with Tex. R. App. P. 52.3(k) showing that he filed the motions and presented them to the trial court with a request for a ruling.)

(Tex. App. Houston 14th Dist. May 20 2014).[2]

Therefore, because Relator has wholly failed to furnish a complete appendix or record sufficient to support her claims for relief, her petition for writ of mandamus should be denied. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

**B.      Relator's *Petition* and record are not authenticated as required by the Texas Rules of Appellate Procedure.**

Relator's petition does not comply with the applicable rules of appellate procedure entitling her to mandamus relief. Specifically, Relator's appendix is not authenticated as required by the rules of appellate procedure because the documents attached are not sworn copies. Tex. R. App. P. 52.3(k), 52.7(a).

Relator is asking this Court to determine that the trial court abused its discretion, but does not provide the material documentation necessary for this Court to appropriately consider, rely, and grant the extraordinary relief of mandamus.

Texas Rules of Appellate Procedure 52.3(k)(1) states the appendix to the petition must contain: (A) *a certified or sworn copy* of any order complained of, or any other document showing the matter complained of. TEX. R. APP. P.

---

[2] Relator's petition for a writ of mandamus was determined to lack merit because the record attached to the petition did not establish that the motion was brought to the attention of the trial court.

52.3(k)(1)(A). (*emphasis added*). Texas Rules of Appellate Procedure 52.7 provides a relator must file with the petition a record containing: (1) a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding. TEX. R. APP. P. 52.7(a)(1).

Documents that are attached to a properly prepared affidavit are "sworn copies." *Republic Nat'l Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607 (Tex. 1986) (per curiam). "An affidavit is a 'statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office.'" *Goggin v. Grimes*, 969 S.W.2d 135, 138 (Tex. App.--Houston [14th Dist.] 1998, no pet.). An affidavit must affirmatively show it is based on the personal knowledge of the affiant. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). Here, the execution and language of Relator's affidavit is insufficient to meet the requirements of Rule 52.3(k). TEX. R. APP. P. 52.3(k)(1)(A). Relator's appendix contains uncertified copies of motions and pleadings.[3] Because the record contains motions not certified by the trial court clerk, the documents attached to Relator's appendix were required to be authenticated. TEX. R. APP. P. 52.3(k)(1)(A); *See generally Relator's Petition.* While Relator includes a "certification" at the end of her appendix in the style of an affidavit, it lacks the attestation of a notary public or other official as

---

[3] See Relator's Appendix 2, 3, 5, 6, 8, 11, and 12.

10

required for a sworn affidavit. *Id.; See In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding).[4]

Further, Relator's affidavit does not "positively and unqualifiedly represent the 'facts' as disclosed to be true and within the affiant's personal knowledge." *Brownlee*, 665 S.W.2d at 112. Affiant does not state she has personal knowledge that the uncertified copies of the motions and pleadings in the appendix are true and correct copies of the originals. *See Relator's Petition,* page 25. Affiant only certifies she has "reviewed the Petition and Writ and concluded that every factual statement in the petition is supported by competent evidence included in the Appendix or the Record." *Id.* First, this statement is inaccurate, as we have shown the petition to *not* be supported by competent evidence included in the appendix. *See Relator's Petition* page 12 and 23 *citing 'Appendix 16')*. To the contrary, Relator's assertions are lacking in that they are not substantiated by the appendix or the record. Thus, Relators' affidavit does not meet the requirements of rule 52.3(k). Relator's certification also does not satisfy the requirements for an unsworn declaration. *See* TEX. CIV. PRAC. & REM. CODE § 132.001.

Courts have noted that, "because the record in a mandamus proceeding is

---

[4] ("An affidavit is a 'statement in writing of a fact or facts signed by the party making it, *sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office.*'") (quoting *Goggin v. Grimes*, 969 S.W.2d 135, 138 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (emphasis added).

assembled by the parties, this Court *strictly enforces the authentication requirements of rule 52* of the rules of appellate procedure to ensure the integrity of the mandamus record." (*emphasis added*); *See* Tex. R. App. P. 52.3(j), 52.3(k); *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding) (finding affidavit insufficient to authenticate record because it did not state affiant had "personal knowledge the copy of the order in the appendix is a correct copy of the original.").[5]

If Relator wished the uncertified copies attached in her appendix to be considered by this Court as part of the record in support of her claims for relief, she was required to include a sworn authentication that the documents were true and correct copies of the originals. Relator included no such authentication in her petition. Thus, because Relator's petition does not strictly adhere to the rules of appellate procedure, her petition should be denied.

### SUMMARY OF ARGUMENT - ISSUE I

Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston

---

[5] Worthy of mention, the petition makes numerous references to "representations" made by Relator to her appellate counsel implicated throughout Relator's petition. *Relator's Petition p. 11* notes, *"Ms. Harrison tells Counsel she was not given notice and was not served."* Later on the same page, the petition reads, "although there is a notice of hearing in the district court records, Ms. Harrison tells counsel she did not receive a de novo hearing..." These declarations only underline the importance of the rule requiring certified or sworn copies be attached to relators' appendix.

[14th Dist.] 2011, orig. proceeding). The most important of these rules is the obligation to provide the reviewing court with a complete and adequate record sufficient to establish the relator's entitlement to relief. *Id. citing Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992). Specifically, relator is obligated to furnish a record containing a certified or sworn copy of every document filed in the underlying proceeding that is material to relator's claims for relief. TEX. R. APP. P. 52.7(a)(1).

Because Relator has failed to provide this Court with the material documentation necessary to entitle her to relief, and because her petition and record is not authenticated as required by the Texas Rules of Appellate Procedure, Relator's petition for writ of mandamus must be denied.

## II. RELATOR IS ESTOPPED FROM NOW ASSERTING THAT THE MSA IS ENFORCEABLE, AS IT IS CLEARLY INCONSISTENT WITH A POSITION PREVIOUSLY TAKEN.

Relator is estopped from now asserting that the MSA is enforceable and that she is entitled to judgment in accordance with its terms. Relator has previously taken a position clearly inconsistent with the position she now maintains in her petition, thus precluding her from obtaining the relief she seeks from this Court.

Quasi-estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken. *Brooks v. Brooks, 257* S.W.3d

13

418, 423.[6] The doctrine applies when it would be unconscionable to allow a person to maintain a position inconsistent with one to which he acquiesced, or from which he accepted a benefit. *Id.* Thus, quasi-estoppel forbids a party from accepting the benefits of a transaction or statute and then subsequently taking an inconsistent position to avoid corresponding obligations or effects. *Id.* Moreover, unlike equitable estoppel, quasi-estoppel requires no showing of misrepresentation or detrimental reliance. *Id.*

Courts have previously applied the theory of quasi-estoppel in cases of divorce involving mediated settlement agreements. In *Brooks v. Brooks,* Husband was estopped from seeking judgment in accordance with the terms of the mediated settlement agreement (MSA) because his position at trial was inconsistent with his later position that the MSA was enforceable. *Brooks v. Brooks,* 257 S.W.3d 418, (Tex. App.—Fort Worth, 2008, pet. denied.). Similarly, in *Dickerson*, Wife contended that the trial court failed to give effect to the MSA entered into by the parties to the suit. The court found that Wife was estopped from contending that the MSA should be enforced because she had previously filed a motion before the trial court asserting that the MSA was not enforceable. *Dickerson v. Dickerson*, ___ S.W.3d ___, (Tex. App. Fort Worth Nov. 26, 2014); (2014 WL 6686496).

Just as in *Brooks* and *Dickerson,* hereto Relator should be estopped from

---

[6] Citing *Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex. 2000); *Atkinson Gas Co. v. Albrecht*, 878 S.W.2d 236, 240 (Tex. App.--Corpus Christi 1994, writ denied).

seeking judgment in accordance with the terms of the MSA, as she has previously taken the position that the MSA is not enforceable. *See Relator's Appendix 1, 2, 3 and 4.* As support for his argument REAL PARTY IN INTEREST, CLIFFORD LAYNE HARRISON represents to the Court the following:

The parties along with their respective counsel and the court appointed Amicus Attorney, Heather Hughes ("AMICUS"), attended court ordered mediation on January 29, 2014. The parties signed an agreement that day, effective immediately. *Appendix 2.* Following a hearing on April 10, 2014, the trial court incorporated the terms of the MSA into an agreed order, titled *Interim Agreed Order on Parent-Child Issues ("Agreed Order"). Relator's Appendix 3.* Shortly after signing the MSA, Relator repeatedly took the position that the MSA was *not enforceable*. Relator took this position both by conceding to such in formal motions filed before the trial court, by representing to MR. HARRISON as well as to third parties that there was no agreement, and finally through her conduct which clearly illustrated her disregard for any such agreement.

**A.  Relator filed multiple motions before the trial court asserting her position that the *Mediated Settlement Agreement* was not enforceable.**

**(1)  Relator's Motion to Set Aside the MSA**

Although Relator sets forth a timeline of purported events in her petition, Relator conveniently fails to disclose to this Court a crucial fact. On March 13, 2014, just six weeks after the MSA was executed, Relator filed a *Motion to Set*

15

*Aside Purported Mediated Settlement Agreement on Parent Child Issues* ("*Motion to Set Aside the MSA*"). *Appendix B.* As support for this motion, Relator relied on Texas Family Code Section 153.0071(e)(1):

> The Court may decline to enter a judgment on a mediated settlement agreement if the court finds that: (1) a party to the agreement was a victim of family violence, and that circumstance impaired that party's ability to make decisions; and (2) the agreement is not in the child's best interest.

TEX. FAM. CODE §153.0071(e-1).

In her motion, Relator urges the trial court to set aside the mediated settlement agreement alleging; 1) that she was a victim of family violence, 2) that she did not have the capacity required to enter into such an agreement, and 3) that the agreement was *not* in the children's best interest.[7] *See Appendix B.*

### (2) Relator's Objection to Entry

Simultaneous with her *Motion to Set Aside the MSA,* Relator filed a pleading titled *Objection to Entry and Notice of Engaged Counsel* ("*Objection to Entry*") in response to the pending emergency motions to enter the order, filed by the AMICUS, and REAL PARTY IN INTEREST, MR. HARRISON. *Appendix C.*

### (3) Relator's Objection to Mediation

---

[7] As support in her motion to set aside, Relator asserts the following grounds: "Connie Harrison has been a victim on [sic] family violence and that circumstances surrounding the family violence impaired her ability to make decisions and the mediated agreement is not in the best interest of the children."

On April 14, 2014, one month after filing her *Motion to Set Aside the MSA* and *Objection to Entry*, Relator again expresses her opposition to the enforceability of the MSA by filing an *Objection to Mediation. Appendix D.* In her pleading, Relator objected to the referral of the suit to mediation on the "basis of family violence having been committed by another party against the objecting party." *See Appendix D.*

The "family violence" to which Relator alludes is an incident which occurred over nine years ago. The incident lead the trial court to issue a finding that family violence *had occurred,* but noting that family violence was unlikely to occur again in the future. *Appendix E.* Regardless, Relator has acknowledged in her previous pleadings, and MR. HARRISON would agree, that she has "impaired ability to make decisions" and that the mediated agreement was "not in the best interest of the children." *See generally Appendix B, C, and D.*

**B.    Relator's prior conduct and behavior is also inconsistent with her position that she is now entitled to relief enforcing the *Mediated Settlement.***

Moreover, MR. HARRISON would show that Relator's conduct is clearly inconsistent with her claim that the MSA is now enforceable. Following the signing of the MSA, and the entry of the *Agreed Order* incorporating its terms therein, Relator nearly immediately began acting in a manner that not only

demonstrated an irrefutable disregard for court's orders, but essentially thwarted enforcement of the MSA and its terms as written.

Less than one month after the MSA was executed, Relator began acting as though there was no agreement resulting in disastrous consequences for the children subject to this suit. Relator not only took the position that there was no MSA in her *Motion to Set Aside,* but she also represented that there was no MSA to the children's school. Specifically, Relator's actions following the signing of the MSA resulted in Second Baptist School withdrawing the children's admittance to the school for the 2014-2015 academic school year—a glaring breach of the MSA and *Agreed Order.*[8] *See Relator's Appendix 2 and 7.*

In a letter dated March 10, 2014, Jeff. Williams, head of Second Baptist School, informed both parents that despite their hopes that an agreement as to possession and access could be reached by the parties, the children regretfully would not be permitted to reenroll at Second Baptist for the 2014-2015 school year. *Appendix H.* The school stated in its letter that their decision was reached after receiving an email from Relator on March 6, 2014 "notifying the school that, in fact, *no such agreement [had] been reached." See Appendix H and I.* Relator's email representing that there "was no agreement" was sent less than six weeks after Relator, and her counsel signed the Mediated Settlement Agreement. *Appendix I.*

---

[8] Discussed further in Real Party in Interest Issue III.

18

Further, the school's March 10, 2014 letter documents several examples of the discord and confusion caused by Relator's failure to adhere to the agreement, specifically noting that on March 6, 2014 and again on March 7, 2014, both parties were present at the school at the end of day to pick up the children—both representing it was their day to have possession and access. *Appendix H.* As stipulated in the MSA, and subsequently adopted by order of the court, MR. HARRISON was to have possession and access on weekends that occurred during the regular school term, beginning at the time the child's school was dismissed, *every Thursday*, *and on the first*, third, and fifth *Friday of each month*, ending at the time the child school resumes the following school day. *Relator's Appendix 1 and 3.* March 6, 2014 fell on a Thursday. Thus, in accordance with the MSA, MR. HARRISON was designated to have access on this day. March 7, 2014 fell on the first Friday of the month. Thus, in accordance with the MSA, MR. HARRISON was designated to have access on this day as well.

In further disregard of the agreement, Relator engaged in conduct designed with the specific intent of alienating the children from their father; consistently withholding the children from MR. HARRISON during his designated periods of access and denying any communication between the children and MR. HARRISON. Moreover, Relator inexplicably would refuse to acknowledge the agreement in

communications with MR. HARRISON. [9] Relator's ongoing actions, which resulted in multiple contempt findings against her, indicated she was mentally unstable and that her instability was having drastic and harmful effects on the children's welfare.

### SUMMARY OF ARGUMENT - ISSUE II

Because Relator unilaterally engaged in conduct both directly contravening the court order incorporating the MSA and the intended objectives the MSA sought to establish, Relator should not now be allowed to rely on, in support of her petition, a position which she has previously stood in explicit opposition to. The contradiction is evidenced both by way of her conduct, in which she illustrates an unabashed indifference to the court orders incorporating the MSA, as well as her formal written objections to the enforceability of the MSA as set forth in her various motions before the trial court. *Relator's Appendix 1, 2, and 3*. Relator simply cannot have it both ways.

Relator's previous position is a clearly inconsistent position from the one she now takes in her *Petition for Writ of Mandamus* before this Court (that the MSA is enforceable and that judgment should have been rendered in accordance with the terms of MSA). Thus, it would be unconscionable to allow Relator to enforce the

---

[9] See Relator's Email to Mr. Harrison. *Appendix J.*

MSA after irrefutably taking a position inconsistent with the one she now maintains. In light of the aforementioned facts, Relator should be estopped from seeking judgment in accordance with the terms of the MSA, as she herself previously represented the position that the MSA was not enforceable.

### III. THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN MODIFYING THE ORDERS TO PROTECT THE SAFETY AND WELFARE OF THE CHILDREN SUBJECT TO THIS SUIT.

In her sole issue presented, Relator asserts that the trial court abused its discretion in failing to render judgment in accordance with the terms of the MSA. In support, Relator relies almost exclusively on the Supreme Court's decision in the case of *In re Lee.*[10] Although Relator accurately quotes portions of the Court's opinion, her arguments are misplaced. Contrary to Relator's claims, neither Section 153.0071, nor the Court's opinion in *Lee,* mandates entry of judgment on an MSA under any and all circumstances. *See generally id.* In fact, as was the case here, the Court in *Lee* expressly provides a trial court latitude to refuse to enter judgment on an MSA that could endanger the safety and welfare of a child. *Lee* at 461 (Guzman, J., concurring).

The issue before the court in *Lee* was a narrow question—namely, "whether a trial court presented with a request for entry of judgment on a validly executed

---

[10] *In re Lee*, 411 S.W.3d 445 (Tex. 2013).

MSA may deny a motion to enter judgment *based on a best interest inquiry.*" *Id.* at 450 (*emphasis added*). A majority of the Court concluded based on the plain language of Section 153.0071, that a trial court may refuse to enter judgment on an otherwise compliant MSA on best interest grounds only if the court also finds that a party to the MSA was a victim of family violence and that violence impaired the party's ability to make decisions. *Id.* at 453-55. And, as is relevant here, the Court expressly limited the extent of its holding. Specifically, a different majority of the Court held that Section 153.0071(e) does *not preclude* a court from refusing to render judgment on an MSA if it could endanger the safety and welfare of a child. *See id.* at 461[11] (Guzman, J., concurring), 466 (Green, J., dissenting).

The *Lee* court contemplated the situation in which a trial court is presented with, and then denies a motion to enter judgment on a statutorily compliant MSA based on a broad best-interest inquiry. Here, Relator cites to no such motion or denial for the simple reason that no such motion was ever properly or timely presented to the trial court. Thus, it reasons that no such denial ever issued in this case. To the contrary, the trial court actually entered the MSA in this case by incorporating its terms in the *Agreed Interim Order on Parent Child Issues* on April 10, 2014. *Relator's Appendix 4.* The Relator acquiesces to such, making

---

[11] "I believe section 153.0071 of the Family Code precludes a broad best-interest inquiry. A trial court may, however, when presented with evidence that entering judgment on an MSA could endanger the safety and welfare of a child, refuse to enter judgment on the MSA." *Lee* at 462, (Guzman, J. concurring).

numerous references to the trial court's order adopting the MSA throughout her petition.[12] Plainly put, the MSA was entered by the trial court. Thus, the relief Relator seeks is without merit, as there was no abuse of discretion in light of the fact that the trial court in this case issued an ordered in accordance with the terms of the Mediated Settlement Agreement.

### A. The Instant Case is Distinguishable from the Texas Supreme Court case of *In Re Lee.*

Unlike *Lee,* in which the Court refused to enter an MSA based upon a broad best-interest inquiry, the trial court in this case modified the existing orders (incorporating the terms of the MSA) based on emergency motions alleging grounds relating to the safety and welfare of the children. The two situations are distinct, and the authority of the trial court to take such action was specifically provided for and discussed in the Supreme Court's *Lee* opinion. *See generally In re Lee* (Tex. 2013).

The case here falls squarely within the situation contemplated by the Court in *Lee*—that a trial court is not precluded from taking measures to protect the safety and welfare of the children subject to the suit, even if that means refusing to enter or enforce the parties otherwise compliant MSA. The *Lee* opinion notes that a trial court has a variety of mechanisms at its disposal in which to protect the safety and welfare of the child. *Id.* Specifically, the court writes, "Even after issuing a

---

[12] *See Relator's Petition for Writ of Mandamus,* p. 9, 10, 11, and 24.

final order, a trial court may act to protect the safety and welfare of a child by issuing protective orders, by issuing temporary orders during an appeal, *by ruling on motions to modify*, or through habeas corpus proceedings, again upon proper motion. "*Id.* at 457. (*emphasis added).*[13] It was within the confines of this authority that the trial court acted in this case. Thus, no abuse of discretion is apparent and as such, Relator's petition should be denied.

**(1)** **The trial court acted within their discretion considering the specific facts and circumstances of this case.**

The parties along with their respective counsel and the court appointed Amicus Attorney, Heather Hughes ("AMICUS"), attended court ordered mediation on January 29, 2014. The parties signed an agreement that day, the terms of which were to take effect immediately. *Relator's Appendix 2.* Following a hearing on April 10, 2014, the trial court incorporated the terms of the MSA into an agreed order, titled *Interim Agreed Order on Parent-Child Issues ("Agreed Order").*[14] [15] *Relator's Appendix 3 and 4.*

---

[13] *See, e.g.,* TEX. FAM. CODE § 156.101(a)(1) (allowing modification of an order if it would be in the child's best interest and the circumstances of the child have materially and substantially changed since the date of the signing of the MSA); id. § 157.374 (providing that in habeas corpus proceedings, "the court may render an appropriate temporary order if there is a serious immediate question concerning the welfare of the child"). *Footnote 14.*

[14] The trial court incorporated the terms of the MSA into an agreed order on an interim basis, subject to modification, as a final order would have been inappropriate due to the courts inability to bifurcate child custody and property issues in a suit for divorce.

[15] The trial court explicitly incorporated the terms of the MSA into its order when at the April 10 hearing the trial judge stated on the record, "The Court adopts the contents of the Mediated Settlement Agreement as the order of this court." *Relator's Appendix 4,* P. 19 L. 9-11.

The product of that mediation, the MSA, and the subsequent *Agreed Order* is noteworthy in the following respects. *Relator's Appendix 2*. First, and foremost, both the MSA and the *Agreed Order* include the following provision:

> "Connie Vasquez Harrison, as a parent joint managing conservator, shall having the following rights and duty:
> (7) the exclusive right to make decisions concerning the children's education, subject to the following provision regarding Second Baptist School;
> **IT IS ORDERED** that *J.E.L.H., II* and *V.M.H.* shall continue to attend Second Baptist School as long as Clifford Layne Harrison pays the annual tuition, including other required costs, for the children to attend."

Also found on the first page of the *Agreed Order* is the following language:

> On January 29, 2014, the parties entered into a Mediated Settlement Agreement resolving parent-child issues for final trial in this case. Although the agreement is effective beginning January 29, 2014, and shall be incorporated into the parties' final order following a final trial on the division of property, this agreement shall be enforceable on its own terms *unless modified. (emphasis added).*

Notably, the parties provided the trial court with the ability to modify the *Agreed Order* should such modification become necessary. *Id.* It did in fact become necessary when, as discussed below, the provision regarding the children's education (along with other provisions) was nearly immediately violated by the Relator, resulting in numerous court appearances and emergency motions regarding the safety and welfare of the children. As a result, the trial court found a modification was necessary to protect the safety and welfare of the children. The trial court acted well within their discretion in doing so and in harmony with the

25

public policy advanced by this State.

**(2)	The public policy of this State supports the trial court's decision.**

This Court has recognized the policy goals advanced by the procedures of section 6.602 and its counterpart, Texas Family Code section 153.0071. Those statutes articulate the policy of encouraging the peaceful resolution of disputes and the early settlement of pending litigation through voluntary settlement procedures. *See* TEX. CIV. PRAC. & REM. CODE ANN. §154.002.

But the premises behind such laudable policy goals are not advanced in every circumstance in which parties sign a mediated settlement agreement complying with section 153.0071. This premise is alluded to in *Lee* by Justice Green when he writes, ". . . a contextual reading of the Family Code allows a narrow inquiry into whether entering judgment on an MSA could endanger the safety and welfare of a child." *In re Lee* at 464, *citing Tex. Dep't of Transp. v. City of Sunset Valley,* 146 S.W.3d 637, 642 (Tex. 2004) ("We must read the statute as a whole and not just isolated portions."). This assertion is further supported by Justice Guzman's statement:

> The dissent convincingly argues that requiring the trial court to enter a judgment that could endanger the child would be an absurd result. It is, in my view, not only absurd but also plainly nonsensical and against public policy to read section 153.0071 to require a trial court to enter judgment on an MSA when presented with evidence that doing so could endanger the child. In holding that the statute forecloses the broad best-interest inquiry, the Court does not expressly state whether the Family Code allows a narrow endangerment inquiry."

*In re Lee* at 464, (Guzman, J., concurring). [16]

Aside from the opinions set forth in *Lee,* appellate courts of this State have similarly refused to construe section 153.0071 so literally as to universally require the enforcement of all compliant agreements. *Boyd,* 67 S.W.3d at 403; *see also In re Lee*, 411 S.W.3d 445, 471 (Tex. 2013)(Green, J., dissenting).[17] Instead courts have granted discretion to trial courts through a variety of mechanisms to ensure that the public policy of the State is furthered; chief among those policy interests is protecting the safety and wellbeing of children subject to custody disputes . *See id.*

**B.    The trial court modified the existing order to protect the safety and welfare of the children subject to this suit.**

While it is true that the *Lee* opinion may foreclose a broad best interest inquiry, it does not infer or in any way limit a trial court's ability to take action to protect a child's safety and welfare. Despite Relator's attempt to bolster her argument by manipulating the language of the *Lee* opinion to fit the facts of the instant case, the language of the Supreme Court clearly supports precisely the procedure employed by the trial court in this case. The opinion in *Lee* explicitly provides a trial court with the ability to "rule on motions to modify" as a method in

---

[16] *See Combs v. Health Care Servs. Corp.*, 401 S.W.3d 623, 630 (Tex. 2013); Molinet v. Kimbrell, 356 S.W.3d 407, 411 (Tex. 2011).

[17] I would hold that, in a rare case in which the presumption that MSA parties acted in a child's best interest has been negated by evidence, the trial court does not abuse its discretion by considering the terms of an MSA's custody, possession, or access modification. If those terms jeopardize a child's safety and welfare, so that the modification could not possibly be in the child's best interest, I would hold that the trial court does not abuse its discretion by refusing to enter judgment on the MSA. Green, J., dissenting) at 472.

which to protect the safety and welfare of the child. *Id.* at 457. The trial court in this cause relied on such authority when it issued its Orders modifying the parent-child issues in this case. [18] The trial court specifically noted in each instance that the orders were "for the safety and welfare and in the best interest of the children." *Appendix 9.* Previous appellate court decisions have provided support for these types of actions employed by a trial court, explicitly reciting that, "where a child will live and go to school concerns the welfare of the child." [19] *In re Casanova,* __ S.W.3d ___ (Tex.App.—Dallas, 2014 no pet.); 2014 WL 6486127, *citing Cobb v. Musslewhite,* 728 S.W.2d 118, 120 (Tex. App.—Tyler 1987, no pet.).

At the time of execution of the MSA at issue, the children had applied and been accepted to Second Baptist School for the upcoming 2014-2015 school year. The MSA gave Relator the authority to make educational decisions *subject to* the children continuing at Second Baptist. At the time that the MSA was entered into there was no anticipation, expectation or reason to believe that the children would be asked to leave Second Baptist School, the school they had attended their entire educational lives. On March 10, 2014, the parties received a letter from Second Baptist School, a copy of which is attached hereto, stating that the children would not be allowed to remain at Second Baptist. *Appendix H.*

---

[19] The *Cobb* court observes that "it seems obvious that the order in question concerns certain aspects of the children's "welfare," those being where they will live and go to school." *Cobb* at 120.

Subsequent to receiving that letter, MR. HARRISON filed his *Emergency Motion to Modify the Currently Controlling Orders for the Minor Children Subjects of this Suit*, ("*First Emergency Motion to Modify*") on May 14, 2014. *Appendix K*. In his motion, MR. HARRISON acknowledged the existence of the MSA, but noted that an emergency situation involving the safety and welfare of the children had arisen resulting from a material and substantial change in circumstances requiring modification by the trial court.[20] *Id.* MR. HARRISON urged the court to modify the controlling orders relating to the children on the basis of their safety and welfare.[21] *Id.*

On May 27, 2014 and May 30, 2014 the trial court conducted a hearing on MR. HARRISON'S *Emergency Motion to Modify*. The trial court heard testimony from Tamara Gallagher, head of the lower school at Second Baptist, regarding the reasons leading to the school's decision to deny the children re-admittance. The testimony before the trial court showed that Relator's action *alone* resulted in the children being ejected from Second Baptist School. *See Relator's Appendix 9.* On

---

[20] Petitioner recognizes that a MSA has been signed by both parties, their respective attorneys of record and the AMICUS attorney for their children in this case. However, Respondent continues to deny Petition access to the children in direct violation of the parties' agreement and further continues to claim there is not an agreement. *See Appendix 10.*

[21] "First, this is extremely concerning to petitioner as the children are confused and concerned about who is picking them up from school, and their plans for any given period. Further, Petitioner is being denied the right to talk with the children on the phone or communicate with them in any way at the time of the filing of this motion. This causes great concern for the immediate emotional well-being of the children. . . Petition requests the Court, after notice and hearing, to dispense with the necessity of a bond and make temporary orders and issue any appropriate temporary injections for the safety and welfare of the children subjects of this suit. . . "

May 30, 2014, the Court issued "*Additional Temporary Orders,*" in which it made several modifications to the existing orders, including granting MR. HARRISON the ability to pursue seeking enrollment for his children at other schools.[22] *Appendix F.* The court included the following qualification:

> "The Court, after examining the record and the agreement of the parties and hearing the evidence and argument of counsel, finds that. . . the following orders are for the safety and welfare and in the best interest of the following children." *Id.*

Because the MSA was silent as to any specific mandates concerning the situation the parties now found themselves in—where the children would not be attending Second Baptist for school—it was necessary for the Court to issue orders so directing the parties moving forward. The *Additional Orders* stated that MR. HARRISON could pursue enrolling the children in another private school (First Baptist Academy) for the upcoming school year uninterrupted by Relator. The Order further provided that in the event the children did not attend First Baptist, then they shall attend the public schools zoned to MR. HARRISON's residence (Briargrove Elementary and Grady Middle School). *Id.*

On August 19, 2014, as a result of Relator's noncompliance with the court's most recent order, and out of fear for the children's safety and wellbeing, MR. HARRISON filed his *Motion to Set Aside the Mediated Settlement Agreement on Parent-Child Issues or Alternatively, Motion to Modify the Interim Order*

*Concerning Parent-Child Issues ("Second Motion to Modify"). Appendix M.* In his motion, MR. HARRISON notes that, "the mediated settlement is not in the best interest of these children and because of the actions and behavior of CONNIE VASQUEZ HARRISON, the agreement is detrimental to the emotional and physical wellbeing of the children subject to this suit" *Appendix M, page 6.*

On September 2, 2014, MR. HARRISON filed a *Motion for Enforcement of Possession and Access and Order to Appear ("Motion for Enforcement")* contending that Relator had violated the prior orders of the court. *Appendix L.* The specific violations pertained to denial of access, and failure to adhere to the court's order pertaining the children's enrollment in school.[23]

On September 3, 2014 the trial court heard Mr. Harrison's *Second Motion to Modify*, in which MR. HARRISON testified before the court regarding his concerns for the children. When asked to describe the circumstances that occurred since the signing of the MSA that were "injurious to emotional or physical welfare of the children under the supervision of Relator," MR. HARRISON testified as to the following:

> "There have been many, many occasions where [Relator] has unilaterally decided to withhold the children, not turn them over. She has violated court orders, she has violated the Mediated Settlement Agreement, she has violated the order that implemented the Mediated Settlement Agreement.

---

[23] In violation of the court's orders, Relator enrolled the oldest child at a school other than Grady middle school (the school zoned to Mr. Harrison's residence).

She has gotten the kids kicked out of school by causing disruptions at the school in violation of the Mediated Settlement Agreement."

*Relator's Appendix 10,* R.R. 14-21.

MR. HARRISON also testified that he believed the children were "at risk" under the continuing ongoing care of Relator due to her deteriorating behavior over the previous months. *Id.* At the conclusion of the hearing, the court announced on the record that it was going to "grant the emergency motion to change custody instanter." *Relator's Appendix 11.* In its order, issued on September 3, 2014 (*Order Granting Petitioner's Motion for Temporary Orders on Parent-Child Issues)* the court again noted that its orders were "for the safety and welfare and in the best interest" of the children.[24] *See id.* At the conclusion of the hearing, MR. HARRISON'S attorney expressed her concerns that Relator may have fled with the children. The trial judge echoed these sentiments saying, "I've got the same concern. That's one of the factors that I've taken into consideration in granting the emergency transfer of custody. . . ." *Id.* [25]

Those orders remained largely in effect until the suit was tried in January of 2015 before Judge Alicia Franklin of the 311th District Court. After nine (9) days of trial in January of 2015, the trial court rendered its judgment, issuing its "*Final Order and Decree on Division of Property and Determination of Conservatorship*

---

[24] *See f.n. 9.*

[25] There were concerns as to the whereabouts of Relator and the children as MR. HARRISON had been denied access to his children and the officer executing the writ at the children's schools reported the children could not be located. Further cause for concern was that Relator, after being sworn to be present at the September 3, 2014 hearing, failed to appear.

*and Confirmation of Divorce ("Final Decree")* on March 27, 2015. *Appendix G.* In the *Final Decree,* the trial court appointed MR. HARRISON sole managing conservator and Relator, possessory conservator with supervised visitation. *Appendix G, page 2.* The trial court also included the following finding:

". . . credible evidence has been presented that the provisions of the Standard Possession Order as provided for in the Texas Family Code are inappropriate or unworkable and the orders of the Court concerning possession and access to the children by CONNIE VASQUEZ HARRISON are not more restrictive than necessary to provide for the *safety and welfare* of the children." *Id. page 6. (emphasis added).*

Even more revealing than the ultimate holding of the *Lee* court, is perhaps what is *not said* in the opinion. As the dissent observes, "the Court's decision to not mandamus the trial court to enter judgment on the MSA must mean the Court believes 'that the Family Code allows a trial court discretion to refuse to sign a judgment pursuant to an MSA that places a child's safety and welfare in danger.'" 411 S.W.3d 454 at 445, (Green, J., dissenting), *f.n. 10.*

The record clearly supports the conclusion that the trial court modified the existing order and agreement to protect the children's safety and welfare. However, specific findings necessary to support a trial court judgment are unnecessary and will be implied when they are supported by evidence. "Under our mandamus standard of review, any evidence of endangerment—even arguably ambiguous statements, and even when there is conflicting evidence—is *some* evidence; when then there is some evidence to support the trial court's decision, no abuse of

discretion exists." *In re Lee,* citing *Gen. Tire, Inc. v. Kepple*, 970 S.W.2d 520, 526 (Tex. 1998) ("An abuse of discretion does not exist where the trial court bases its decisions on conflicting evidence." (quoting *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978); *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991)).

Relator does not dispute that the MSA was actually entered by the trial court in its April 10, 2014 Order. In fact, Relator's petition makes numerous references to the order incorporating the MSA throughout her petition.[26] As such, it is unclear why Relator is complaining, much less asserting this as a legal argument for mandamus relief. The trial court issued an order encompassing the terms set forth in the agreement; the parties operated under this agreement; and only after Relator's conduct resulted in serious and immediate concerns regarding the safety and welfare of the children, was the order modified to protect the children.

## SUMMARY OF ARGUMENT – ISSUE III

Thus, the issue before this Court is not the one proffered by Relator (whether she is entitled to judgment in accordance with the MSA). Rather, the issue is more aptly framed (and has already been resolved by other courts, including the Texas Supreme Court in *Lee*) –whether a court may modify the terms of an existing MSA

---

[26] In her statement of facts Relator states, "On April 10, 2014, the Court singed an order to comport with the mediated settlement agreement." *Petition* page 9. On page 10, Relator includes the subheading "April 10, 2014 – MSA incorporated into *Agreed Order on Parent-Child Issues* and it was signed by the Court" with the explanation that, "On April 10, 2014, the 311[th] Court entered the MSA and incorporated the MSA into the *Agreed Order on Parent-Child Issues* and the parties operated under this Order." *P. 10.* Finally in her conclusion, she asserts, ". . . the trial court incorporated it [the MSA], into an Interim Agreed Order on April 10, 2014" and adds "The trial court signed an '*Interim Agreed Order on parent-Child Issues'* and the MSA was adopted during the April 10, 2014 hearing." *P. 24.*

34

or order to protect the safety and welfare of the children subject to a suit. The answer is unequivocally "yes." To hold otherwise would set a dangerous precedent, exactly the kind warned of by the court in *Lee*. Justice Guzman encapsulates this standard by summarizing the holding of the court's decision in *Lee* as follows:

"In sum, we hold today that a trial court may not deny a motion to enter judgment on a properly executed MSA under section 153.0071 based on a broad best interest inquiry. *But we certainly do not hold that a child's welfare may be ignored.*"[27] *In re Lee* at 458.

The consequences of limiting a trial court's discretion to modify a prior order or agreement so as to protect a child's safety and welfare would be in direct opposition to the well-settled case law dictated by numerous court's (including our State's highest court), the public policy of this State, and the Texas Family Code.[28] In light of the overarching policy goals intended by the Texas Legislature, as well as the authority vested to the trial court, as interpreted by *In re Lee* and the appellate courts of this State, the trial court cannot be found to have abused its discretion in modifying its Order so as to protect the safety and welfare of the children subject to this suit. Therefore, REAL PARTY IN INTEREST, CLIFFORD LAYNE

---

[27] *See, e.g.*, TEX. FAM. CODE § 105.001(a) ("In a suit, the court may make a temporary order, including the modification of a prior temporary order, for the safety and welfare of the child .... "); *id*. § 105.001(b)
[28] Woven throughout the Family Code is the clearly defined policy of this state that courts must ensure protection of the child's best interest. *See* TEX. FAM. CODE §§153.001 -.002." *Id.* at 471.

35

HARRISON prays that this Honorable Court deny Relator's *Petition for Writ of Mandamus*.

## CONCLUSION AND PRAYER

REAL PARTY IN INTEREST CLIFFORD LAYNE HARRISON respectfully request this Honorable Court to deny Relator's Petition for Writ of Mandamus in all respects.

Respectfully submitted,

/s/ Sarah Hirsch Joyce__
Sarah Hirsch Joyce
State Bar No. 24092522
4627 Ingersoll Street
Houston, Texas 77027
(832) 877-3001
(855) 624-7224 Facsimile
SarahHirschJoyce@gmail.com
Attorney for Clifford Layne Harrison, Real
Party in Interest

## CERTIFICATE OF SERVICE

I certify that a true copy of the above *Real Party in Interest, Clifford Layne Harrison's Response to Relator's Petition for Writ of Mandamus* was served on the following counsel of record and/or pro se party in accordance with the Texas Rules of Civil and Appellate Procedure on this 30th day of April, 2015:

*Via Electronic Service*
HEATHER HUGHES, AMICUS ATTORNEY LAW OFFICE OF HEATHER HUGHES
952 Echo Lane, Suite 410
Houston, Texas 77024
hhughes@hmhugheslaw.com

*Via Electronic Service*
LANA SHADWICK, ATTORNEY FOR RELATOR
2210 Norfolk, Suite 920
Houston, Texas 77098
(T) 713-392-8222
Lana@LanaShadwick.com

*Via Electronic Service*
CONNIE VASQUEZ HARRISON, RELATOR
5773 Woodway
Houston, Texas 77057
connie.harrison84@gmail.com

*Via Electronic Service*
The HONORABLE ALICIA FRANKLIN, RESPONDENT TRIAL JUDGE
311TH Judicial District Court, Harris County, Texas
201 Caroline, 15th Floor
Houston, Texas 77002

/s/ Sarah Hirsch Joyce
Appellate Counsel for
Real Party in Interest

## CERTIFICATION

I certify that I have reviewed the above *Real Party in Interest, Clifford Layne Harrison's Response to Relator's Petition for Writ of Mandamus* and I have concluded that every factual statement in said petition is supported by competent evidence and included in the appendix or record filed with this Court.

/s/ Sarah Hirsch Joyce
Sarah Hirsch Joyce

## CERTIFICATE OF COMPLIANCE

I hereby certify that the number of words continued in this document is 7,881, exclusive of those contained in the caption, table of contents, index of authorities, proof of service, and certificate of compliance, as tabulated by the computer program used in conjunction with the preparation of this document.

/s/ Sarah Hirsch Joyce

# APPENDIX A
## RELATOR'S *MOTION TO ENTER THE MEDIATED SETTLEMENT AGREEMENT*

CONFIRMED FILE DATE: 1/20/2015

Certified Document Number: 63935637 - Page 1 of 3

F I L E D
Chris Daniel
District Clerk
Time: JAN 2 0 2015
By
Harris County, Texas
Deputy

## CAUSE NO. 2006-68864

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE MARRIAGE OF | § § § | IN THE DISTRICT COURT |
| CLIFFORD LAYNE HARRISON AND<br>CONNIE VASQUEZ HARRISON | § § § § | |
| | § | OF HARRIS COUNTY, TX |
| IN THE INTEREST OF<br>JOHN E. HARRISON AND<br>VICTORIA M. HARRISON,<br>MINOR CHILDREN | § § § § § | 311th JUDICIAL DISTRICT |

### RESPONDENT'S EMERGENCY MOTION TO
### ENFORCE THE MEDIATED SETTLEMENT AGREEMENT

Comes now Respondent, Connie Harrison, and files this Respondent's Emergency

Motion To Enforce The Mediated Settlement Agreement entered into by the parties on

January 29, 2014.

Both Respondent and Petitioner have previously filed Motions To Set Aside the

Mediated Settlement Agreement, (MSA) please see Exhibit A of the MSA, incorporated

and referenced herein. However, the MSA was never been vacated or set aside and is

binding and is not subject to revocation.

Respondent requests immediate compliance with the MSA, as Respondent will

obtain the children on her required possession and access according to the MSA.

Wherefore premises considered, Connie Harrison, Respondent, moves to enter the

MSA and for attorneys fees, legal costs, appellate fees and for any other relief this court

may award.

Respectfully submitted,

By: _____
CONNIE VASQUEZ HARRISON
PRO SE
Email: connie.harrison84@gmail.com
Telephone: (713) 444-7873

**NOTICE OF HEARING**

The above motion for continuance is set for hearing on _____,

_____, 2015 at ____:____a.m./p.m. in the 311th Judicial District Court of Harris

County, Texas.

Judge or Clerk

Certified Document Number: 63935637 - Page 2 of 3

# CERTIFICATE OF SERVICE

       I certify that a true and correct copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on January 20, 2015.

**Via hand delivery**
Ms. Patsy Wicoff
Schlanger, Silver, Barg, & Paine
109 North Post Oak Lane, Ste. 300
Houston, Tx 77024
pwicoff@ssbplaw.com

**Via hand delivery**
Heather M. Hughes
Law Office of Heather Hughes
952 Echo Lane, Suite 410
Houston, Tx 77024-2819
hhughes@hmhugheslaw.com

Connie Vasquez Harrison

Certified Document Number: 63935637 - Page 3 of 3

I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 30, 2015

Certified Document Number:        63935637 Total Pages:  3

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# APPENDIX B
# RELATOR'S *MOTION TO SET ASIDE THE MSA*

NO. 2006-68864

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT OF |
| THE MARRIAGE OF | § | |
| | § | |
| CLIFFORD LAYNE HARRISON | § | |
| AND | § | HARRIS COUNTY, TEXAS |
| CONNIE VASQUEZ HARRISON | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| JOHN EARNEST LEE HARRISON, II. | § | |
| AND VICTORIA MADELINE | § | |
| HARRISON, MINOR CHILDREN | § | 311TH JUDICIAL DISTRICT |

## MOTION TO SET ASIDE PURPORTED
## MEDIATED SETTLEMENT AGREEMENT ON PARENT CHILD ISSUES

This Motion to Set Aside Purported Mediated Settlement Agreement on Parent Child Issues is brought by *Respondent,* **CONNIE VASQUEZ HARRISON,** and would show in support the following:

### I. INTRODUCTION

1.      **Parties**

Petitioner is **CLIFFORD LAYNE HARRISON**

Respondent is **CONNIE VASQUEZ HARRISON**

2.      **Cause of Action**

This is a divorce case involving complex property issues, custody and personal injury tort issues.

3.      **Discovery**

Discovery in this suit is governed by a Level 2 discovery control plan.

4.      **Trial**

This case is not currently set for trial.

### II. Facts

1.      This proceeding is pending before this Court as a result of a remand from the 14th Court of Appeals, which affirmed the Court's granting of the parties' divorce but

Certified Document Number: 60071861 - Page 1 of 4

reversed the remainder of the Decree and remanded the case for a new trial.

2.   The parties attended Court Ordered mediation on January 29, 2014 with John Millard, a true and correct copy of the purported mediated settlement agreement on parent child issues is attached hereto as Exhibit A.

3.   Connie Harrison has been a victim on family violence and that circumstances surrounding the family violence impaired her ability to make decisions and the mediated agreement is not in the best interest of the children.

### III.  Arguments and Authorities

1.   The Court may decline to enter a judgment on a mediated settlement agreement if the court finds that: (1) a party to the agreement was a victim of family violence, and that circumstance impaired the party's ability to make decisions; and (2) the agreement is not in the child's best interest.  *See* **TRCP 153.0071 (e-1).**

2.   In addition, a Court cannot separate the Divorce and SAPCR issues on final orders and there has been a change in circumstances since the signing of the mediated agreement.

### V.  Prayer

For the reasons outlined herein above, Respondent, **CONNIE VASQUEZ HARRISON** prays the court set aside the purported mediated settlement agreement on parent child issues in this cause.

Certified Document Number: 60071861 - Page 2 of 4

Respectfully submitted,

**LILLY, NEWMAN & VAN NESS L.L.P.**

*/s/ Cody Bowman*

By:
    BOBBY K. NEWMAN
    State Bar No. 00731347
    bobby@lnvlaw.com (non-service)
    CODY BOWMAN
    State Bar No. 24036254
    cody@lnvlaw.com (non-service)
    3355 W. Alabama, Suite 444
    Houston, Texas 77098
    bknservice@lnvlaw.com (service only)
    Tel: (713) 966-4444
    Fax: (713) 966-4466
    Attorneys for Respondent

### NOTICE OF HEARING

The above motion is set for hearing on **_____**, **2014 at 9:30 am** in the 311th Judicial District Court of Harris County, Texas.

_____
Judge or Clerk

### CERTIFICATE OF SERVICE

I hereby certify that on this **13th day of March, 2014,** a true and accurate copy of the foregoing document has been delivered to all counsel of record by certified mail, return receipt requested, first class mail, or via telefax.

| | |
|---|---|
| Schlanger, Silver, Barg & Paine, LLP<br>Patricia Wicoff<br>Amy Harris<br>109 North Post Oak Lane, Ste. 300<br>Houston, Texas 77024 | *Via Facsimile 713-351-4514 & E-Filing* |
| | |
| Law office of Heather M. Hughes<br>Heather M. Hughes<br>952 Echo Lane, Ste. 410<br>Houston, Texas 77024 | *Via Facsimile 713-463-5505 & E-Filing* |

Certified Document Number: 60071861 - Page 3 of 4

Martin, Disiere, Jefferson & Wisdom                    *Via Fax 713-222-0101 & E-Service*
Christopher W. Martin
808 Travis Street, 20th Floor
Houston, Texas 77002

                                        */s/ Cody Bowman*
                                        Cody Bowman

Certified Document Number: 60071861 - Page 4 of 4

I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 28, 2015

Certified Document Number:        60071861 Total Pages:  4

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# APPENDIX C
## RELATOR'S OBJECTION TO ENTRY

NO. 2006-68864

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT OF |
| THE MARRIAGE OF | § | |
| | § | |
| CLIFFORD LAYNE HARRISON | § | |
| AND | § | HARRIS COUNTY, TEXAS |
| CONNIE VASQUEZ HARRISON | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| JOHN EARNEST LEE HARRISON, II. | § | |
| AND VICTORIA MADELINE | § | |
| HARRISON, MINOR CHILDREN | § | 311TH JUDICIAL DISTRICT |

## OBJECTION TO ENTRY AND NOTICE OF ENGAGED COUNSEL

This *Objection to Entry* is brought by *Respondent*, **CONNIE VASQUEZ HARRISON,** and, **BOBBY K. NEWMAN**, attorney of record for *Respondent*, **CONNIE VASQUEZ HARRISON**, and files this *Notice of Engaged Counsel*.

## I. INTRODUCTION

**1.    Parties**

Petitioner is **CLIFFORD LAYNE HARRISON**

Respondent is **CONNIE VASQUEZ HARRISON**

**2.    Cause of Action**

This is a divorce case involving complex property issues, custody and personal injury tort issues.

**3.    Discovery**

Discovery in this suit is governed by a Level 2 discovery control plan.

**4.    Trial**

This case is not currently set for trial.

## II.  Facts

1.    This proceeding is pending before this Court as a result of a remand from the 14th

Certified Document Number: 60071831 - Page 1 of 5

Certified Document Number: 60071831 - Page 2 of 5

Court of Appeals, which affirmed the Court's granting of the parties' divorce but reversed the remainder of the Decree and remanded the case for a new trial.

2.     On March 12, 2014 at 8:41 am counsel received an *Emergency Motion to Enter Order* filed by the Amicus Heather Hughes, without a hearing date, attached hereto as Exhibit A.

3.     On March 12, 2014 after 12pm we received a hand delivery a letter and additional copy of the *Emergency Motion to Enter Order*, setting forth the date and time of the hearing as Friday, March 12, 2014 at 9:30 a.m, attached hereto as Exhibit B.

4.     On March 13, 2014, Respondent filed a *Motion to Set Aside the Purported Mediated Settlement Agreement on Parent Child Issues*, attached hereto as Exhibit C.

### III. Arguments and Authorities

1.     *Service of Notice of Hearing*. An application to the court for an order and notice of any hearing thereon, not presented during hearing or trial, must be served upon all parties not less than three days before the time specified for the hearing, …. *See* **TRCP 21 (b).**

2.     *Computation of Time*. In computing any period of time ….. the day of the act, event or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included,…See **TRCP 4**.

3.     Clearly Respondent did not receive adequate notice of a hearing scheduled for March 14, 2014 at 9:30 am when notice was received on March 12, 2014.

4.     Without waiving Respondent's request to set aside the purported mediated settlement agreement, there are disputes regarding the drafting of the proposed Order and if the mediated settlement agreement is held to be binding and not set aside (which is requested) than any such disputes would be required to be resolved in arbitration with John Millard.

### IV. Notice of Engaged Counsel

1.      Bobby K. Newman would show that he has the following settings scheduled for March 14, 2014:

   a.      *In the Matter of the Marriage of Sheree Lynn Harris and Craig Fulton Harris;* 245th District Court; at 9:00 am.

   b.      *In the Interest of Matthew Chen McCollough and Olivia Hsaio McCullough*; 246th District Court; at 9:00 am.

   c.      *In the Matter of the Marriage of John Page Keeton and Stephanie Ritter Von Stein, and In the Interest of William Page Keeton*; 309th District Court; at 9:00 am.

   d.      *In the Matter of the Marriage of Sherri Michele Hargrove and Randy Joe Hargrove, and In The Interest of Austin Ross Hargrove;* 309th District Court; at 9:00 am.

   e.      *In the Matter of the Marriage of Susan Storm and Eric Storm*; 310th District Court; at 9:00 am.

   f.      *In the Interest of Nicolas D. Thompson and Mia E. Thompson*; 247th District Court; at 9:30 am.

### V. Prayer

For the reasons outlined herein above, Respondent, **CONNIE VASQUEZ HARRISON** prays the court reset the entry to a date for which she was property served notice.

**BOBBY K. NEWMAN**, respectfully requests that the Court reset the entry hearing to date that the parties and their respective attorneys of record are available.

Certified Document Number: 60071831 - Page 3 of 5

Respectfully submitted,

**LILLY, NEWMAN & VAN NESS L.L.P.**

*/s/ Cody Bowman*

BOBBY K. NEWMAN
State Bar No. 00731347
bobby@lnvlaw.com (non-service)
CODY BOWMAN
State Bar No. 24036254
cody@lnvlaw.com (non-service)
3355 W. Alabama, Suite 444
Houston, Texas 77098
bknservice@lnvlaw.com (service only)
Tel: (713) 966-4444
Fax: (713) 966-4466

## NOTICE OF HEARING

The above motion is set for hearing on _____, **2014 at 9:30 am** in the 311th Judicial District Court of Harris County, Texas.

_____
Judge or Clerk

## CERTIFICATE OF SERVICE

I hereby certify that on this **13th day of March, 2014,** a true and accurate copy of the foregoing document has been delivered to all counsel of record by certified mail, return receipt requested, first class mail, or via telefax.

Schlanger, Silver, Barg & Paine, LLP          *Via Facsimile 713-351-4514 & E-Filing*
Patricia Wicoff
Amy Harris
109 North Post Oak Lane, Ste. 300
Houston, Texas 77024

Law office of Heather M. Hughes          *Via Facsimile 713-463-5505 & E-Filing*
Heather M. Hughes
952 Echo Lane, Ste. 410
Houston, Texas 77024

Certified Document Number: 60071831 - Page 4 of 5

Martin, Disiere, Jefferson & Wisdom                 *Via Fax 713-222-0101 & E-Service*
Christopher W. Martin
808 Travis Street, 20th Floor
Houston, Texas 77002

/s/ *Cody Bowman*

Cody Bowman

Certified Document Number: 60071831 - Page 5 of 5

I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 28, 2015

Certified Document Number:        60071831 Total Pages:  5

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# APPENDIX D
# RELATOR'S *OBJECTION TO MEDIATION*

NO. 2006-68864

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT OF |
| THE MARRIAGE OF | § | |
| | § | |
| CLIFFORD LAYNE HARRISON | § | |
| AND | § | HARRIS COUNTY, TEXAS |
| CONNIE VASQUEZ HARRISON | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| JOHN EARNEST LEE HARRISON, II. | § | |
| AND VICTORIA MADELINE | § | |
| HARRISON, MINOR CHILDREN | § | 311TH JUDICIAL DISTRICT |

## OBJECTION TO ENTRY AND NOTICE OF ENGAGED COUNSEL

This *Objection to Entry* is brought by *Respondent*, **CONNIE VASQUEZ HARRISON,** and, **BOBBY K. NEWMAN**, attorney of record for *Respondent*, **CONNIE VASQUEZ HARRISON**, and files this *Notice of Engaged Counsel*.

## I. INTRODUCTION

1.     **Parties**

Petitioner is **CLIFFORD LAYNE HARRISON**

Respondent is **CONNIE VASQUEZ HARRISON**

2.     **Cause of Action**

This is a divorce case involving complex property issues, custody and personal injury tort issues.

3.     **Discovery**

Discovery in this suit is governed by a Level 2 discovery control plan.

4.     **Trial**

This case is not currently set for trial.

## II. Facts

1.     This proceeding is pending before this Court as a result of a remand from the 14th

Certified Document Number: 60071831 - Page 1 of 5

Court of Appeals, which affirmed the Court's granting of the parties' divorce but reversed the remainder of the Decree and remanded the case for a new trial.

2.  On March 12, 2014 at 8:41 am counsel received an *Emergency Motion to Enter Order* filed by the Amicus Heather Hughes, without a hearing date, attached hereto as Exhibit A.

3.  On March 12, 2014 after 12pm we received a hand delivery a letter and additional copy of the *Emergency Motion to Enter Order*, setting forth the date and time of the hearing as Friday, March 12, 2014 at 9:30 a.m, attached hereto as Exhibit B.

4.  On March 13, 2014, Respondent filed a *Motion to Set Aside the Purported Mediated Settlement Agreement on Parent Child Issues*, attached hereto as Exhibit C.

### III.  Arguments and Authorities

1.  *Service of Notice of Hearing*. An application to the court for an order and notice of any hearing thereon, not presented during hearing or trial, must be served upon all parties not less than three days before the time specified for the hearing, …. *See* **TRCP 21 (b).**

2.  *Computation of Time*. In computing any period of time ….. the day of the act, event or default after which the designated period of time begins to run is not to be included.  The last day of the period so computed is to be included,…See **TRCP 4**.

3.  Clearly Respondent did not receive adequate notice of a hearing scheduled for March 14, 2014 at 9:30 am when notice was received on March 12, 2014.

4.  Without waiving Respondent's request to set aside the purported mediated settlement agreement, there are disputes regarding the drafting of the proposed Order and if the mediated settlement agreement is held to be binding and not set aside (which is requested) than any such disputes would be required to be resolved in arbitration with John Millard.

Certified Document Number: 60071831 - Page 2 of 5

## IV. Notice of Engaged Counsel

1. Bobby K. Newman would show that he has the following settings scheduled for March 14, 2014:

   a. *In the Matter of the Marriage of Sheree Lynn Harris and Craig Fulton Harris;* 245th District Court; at 9:00 am.

   b. *In the Interest of Matthew Chen McCollough and Olivia Hsaio McCullough*; 246th District Court; at 9:00 am.

   c. *In the Matter of the Marriage of John Page Keeton and Stephanie Ritter Von Stein, and In the Interest of William Page Keeton*; 309th District Court; at 9:00 am.

   d. *In the Matter of the Marriage of Sherri Michele Hargrove and Randy Joe Hargrove, and In The Interest of Austin Ross Hargrove;* 309th District Court; at 9:00 am.

   e. *In the Matter of the Marriage of Susan Storm and Eric Storm*; 310th District Court; at 9:00 am.

   f. *In the Interest of Nicolas D. Thompson and Mia E. Thompson*; 247th District Court; at 9:30 am.

## V. Prayer

For the reasons outlined herein above, Respondent, **CONNIE VASQUEZ HARRISON** prays the court reset the entry to a date for which she was property served notice.

**BOBBY K. NEWMAN**, respectfully requests that the Court reset the entry hearing to date that the parties and their respective attorneys of record are available.

Certified Document Number: 60071831 - Page 3 of 5

Respectfully submitted,

**LILLY, NEWMAN & VAN NESS L.L.P.**

*/s/ Cody Bowman*

BOBBY K. NEWMAN
State Bar No. 00731347
bobby@lnvlaw.com (non-service)
CODY BOWMAN
State Bar No. 24036254
cody@lnvlaw.com (non-service)
3355 W. Alabama, Suite 444
Houston, Texas 77098
bknservice@lnvlaw.com (service only)
Tel: (713) 966-4444
Fax: (713) 966-4466

## NOTICE OF HEARING

The above motion is set for hearing on _____, **2014 at 9:30 am** in the 311th Judicial District Court of Harris County, Texas.

_____
Judge or Clerk

## CERTIFICATE OF SERVICE

I hereby certify that on this **13th day of March, 2014,** a true and accurate copy of the foregoing document has been delivered to all counsel of record by certified mail, return receipt requested, first class mail, or via telefax.

Schlanger, Silver, Barg & Paine, LLP          *Via Facsimile 713-351-4514 & E-Filing*
Patricia Wicoff
Amy Harris
109 North Post Oak Lane, Ste. 300
Houston, Texas 77024

Law office of Heather M. Hughes          *Via Facsimile 713-463-5505 & E-Filing*
Heather M. Hughes
952 Echo Lane, Ste. 410
Houston, Texas 77024

Certified Document Number: 60071831 - Page 4 of 5

Martin, Disiere, Jefferson & Wisdom                    *Via Fax 713-222-0101 & E-Service*
Christopher W. Martin
808 Travis Street, 20th Floor
Houston, Texas 77002

/s/ *Cody Bowman*
_____
Cody Bowman

Certified Document Number: 60071831 - Page 5 of 5



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this    April 28, 2015

Certified Document Number:        60071831 Total Pages:  5

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

**APPENDIX E**
**FINDING OF FAMILY VIOLENCE**
**2007**

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUME
TRIAL COURT CAUSE NO. 2006-68864

IN THE MATTER OF                    )(      IN THE DISTRICT COURT
THE MARRIAGE OF

CLIFFORD LAYNE HARRISON
AND
CONNIE VASQUEZ HARRISON             )(      HARRIS COUNTY, TEXAS

AND IN THE INTEREST OF
JOHN ERNEST HARRISON, II
AND VICTORIA HARRISON,
MINOR CHILDREN                      )(      311TH JUDICIAL DISTRICT

---

**COURT'S RENDITION**

---

On the 5th day of February, 2007, the following proceedings came on to be held in the above-titled and numbered cause before the Honorable Doug Warne, Judge Presiding, held in Houston, Harris County, Texas.

Proceedings reported by computerized stenotype machine.





Exhibit
CH 218

**APPEARANCES**


PATRICIA WICOFF
SBOT NO. 21422500
Attorney-at-Law
4544 Post Oak Place, Suite 380
Houston, Texas 77027
Telephone: (713) 626-7222
Attorney for Connie Harrison


BOBBY NEWMAN
SBOT NO. 00791347
Attorney-at-Law
801 Congress, Fourth Floor
Houston, Texas 77002
Telephone: (713) 228-2200
Attorney for Clifford Harrison

VOLUME 1

**COURT'S RENDITION**

FEBRUARY 5, 2007

|                          | PAGE | VOL. |
|--------------------------|------|------|
| Court's Rendition .................. | 4    | 1    |
| Reporter's Certificate .............. | 11   | 1    |

THE COURT: Based on the pleadings on file in this case and the evidence and testimony presented in connection with the Application for Protective Order and Temporary Hearing on the divorce in suit affecting parent-child relationship, the Court makes the following findings and orders: The Court finds that family violence has occurred as that term is defined under the Texas Family Code and has been committed by the Respondent in the Application for Protective Order and directed toward the Applicant.

The Court is unable to conclude at this time that family violence is likely to re-occur in the absence of a Protective Order. The Court, therefore, is denying the Application for Protective Order.

With respect to the orders in the suit affecting parent-child relationship, the Court is appointing the mother as the sole managing conservator of the two children, appointing the father as the possessory conservator. Both parents are to have the rights, privileges and duties as set out in Texas Family Code Section 153.074. The mother is to have the rights as set out in Texas Family Code Section 153.132, except that those set out in

Subsections 2 and 6 are to be exercised in consultation with the father.

The periods of possession are to be as follows, and these periods will apply to both children:  On the first, third and fifth Friday of each month from 6:00 o'clock or picking up from school or day care until the following Sunday at 3:45 p.m.  Each Thursday of each week year round unless it's superseded by the mother's exclusive period of possession in the summer or by a holiday period set aside to the mother from 4:30 until 7:30.  On March 16th from the conclusion of school and day care until 7:30 p.m. on March 19th.  In the summer of 2007, 6:00 p.m. on June 1st to 3:45 p.m. on June 10th.  6:00 p.m. on June 29th to 3:45 p.m. on July 8th.  The mother is to have an uninterrupted period of possession during the summer of 2007 from July 8th until July 26th at 4:30 p.m.  Other possessory periods are to be pursuant to the Standard Possession Order beginning with the Thanksgiving holiday period in 2007.

The Court is ordering that each parent have telephone access with the children a minimum of two times per week during any period when the children are in the possession of the other parent

for more than five days.

Both of you need to keep in mind this little girl is not going to be hopping on the phone and chatting with either one of you. So, we're really more talking about your son right now in terms of just maintaining some telephone contact back and forth with mom and dad. If Victoria wants to hop on the phone and talk to mom or dad, I guess and I encourage y'all to let her, but let's not anybody get expectations too far out of line given her age.

With respect to the other issues submitted to the Court in connection with Temporary Orders in the divorce case, the Court is ordering mutual injunctions as requested and pursuant to those injunctions set out in Petitioner's Exhibit 16 except that the Court wants added to the proposed Injunction Number 37 the language: Or allow the children to remain in the presence or hearing of any such activity.

The request that the Court order that the residence be sold at this time is denied.

You-all have been separated for some time, ma'am; and while clearly both of y'all have been unsure about what the ultimate course of your relationship with this litigation might be, it

appears now that we are heading for a divorce and you are now gonna have to assess whether it makes any sense for you to stay in the house irrespective of this community-separate issue. It's clearly bigger than what you probably need. It's probably a more expensive place than what you need. So, now is the time to be putting your thinking cap on and visiting with Mr. Newman about what you think ultimately you might want to try to do with the house. So, get on with that process.

The Court is declining to appoint an amicus attorney at this time.

The Court is ordering a psychological evaluation of the parties. If the parties cannot agree on somebody, and I can't remember if y'all announced to me that you had somebody you could agree on if I ordered it or not at the front end. If you can't agree, if one of you-all will just agree to let the other one call me, I'll give you a name; but visit about that and see if you can agree on somebody and if you need me to appoint, I will.

Both parents are urged to cooperate with each other with respect to the visitation schedule. You do have some history of some cooperation with each other, and keep focused on that

and not on the things that you disagree about. If he does have a visitation period that's coming up here pretty soon, ma'am, that will be -- it's going to be a longer one and it's going to be both kids. So, it is reasonable for you to try to find another weekend that you can swap with him for that one. It may not be right away. It may be another month out there, but just take a look at your calendar and see if there's a way you can accommodate that. You are probably going to need him to do that, if you haven't already, in the future at some point in time. Now is the time to start laying the ground work for cooperating when either one of y'all have a conflict.

Anything further at this time?

MS. WICOFF: Judge, is the residency restriction during the pendency to Harris County?

THE COURT: Yes.

All of the other agreements and stipulations announced by the parties when we commenced this hearing are approved by the Court to be set out in the Temporary Orders.

Who is going to draft?

MS. WICOFF: Mr. Newman.

THE COURT: The Court is setting entry -- Can I set it Friday?

MR. NEWMAN: This coming Friday, Judge?

THE COURT: Yes. Is that too soon?

MR. NEWMAN: Can I have a little more time than that?

THE COURT: The 16th. This is a week from Friday.

All right. That concludes the Court's rendition.

Good luck to y'all, and follow your attorney's advice.

I'm going to ask you-all to withdraw the exhibits in the Temporary Hearing rather than have Marilee catalog them.

MS. WICOFF: Actually we pretty much have done that, Judge, unless you've got some that are up there.

THE COURT: Okay. I know I have the pictures.

MR. NEWMAN: We did; but we agreed to withdraw pictures already, with the Court's approval, and all the exhibits except the parties' Financial Information Statement.

THE COURT: That is the agreement of the parties and the order of the Court.

We can go off the record.

*(Discussion off the record.)*

STATE OF TEXAS

COUNTY OF HARRIS


     I, Marilee M. Anderson, Official Court Reporter in and for the 311th District Court of Harris County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.


     I further certify that this Reporter's Record of the proceedings does not reflect the exhibits, if any, admitted by the respective parties.

     I further certify that the total cost for the preparation of this Reporter's Record is $_____ and was paid/will be paid by _____.

     WITNESS MY HAND this the ____8th____ day of ____February____, 2007.


_____
Marilee M. Anderson, CSR
Texas CSR 3271
Official Court Reporter
311th District Court
Harris County, Texas
1115 Congress, 7th Floor
Houston, Texas 77002
Telephone: (713) 755-2966
Expiration: 12/31/2008

# APPENDIX F
## *ADDITIONAL TEMPORARY ORDERS*
### MAY 30, 2014

FILED
Chris Daniel
District Clerk

JUN - 2 2014
Time:_____
Harris County, Texas
By_____
Deputy

CAUSE NO. 2006-68864

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT OF |
| THE MARRIAGE OF | § | |
| | § | |
| CLIFFORD LAYNE HARRISON | § | |
| AND | § | |
| CONNIE VASQUEZ HARRISON | § | HARRIS COUNTY, T E X A S |
| | § | |
| AND IN THE INTEREST OF | § | |
| JOHN ERNEST LEE HARRISON, II AND | § | |
| VICTORIA MADELINE HARRISON | § | |
| CHILDREN | § | 311TH JUDICIAL DISTRICT |

## ADDITIONAL TEMPORARY ORDERS

On the 27th and 30th days of May, 2014, the Court considered the Emergency Motion to Modify the Currently Controlling Order for the Minor Children Subjects of this Suit.

### Appearances

Petitioner, **CLIFFORD LAYNE HARRISON**, appeared in person and through attorney of record, Patricia A. Wicoff, and announced ready.

Respondent, **CONNIE VASQUEZ HARRISON**, appeared in person and through attorney of record, Christopher W. Martin, and announced ready.

Also appearing was Heather Hughes, appointed by the Court as amicus attorney to assist the Court in protecting the best interests of the children the subject of this suit.

### Jurisdiction

The Court, after examining the record, and hearing the evidence and argument of counsel, finds that all necessary prerequisites of the law have been legally satisfied and that this Court has jurisdiction of this case and of all the parties.

### Children

The following orders are for the safety and welfare and in the best interest of the parties two (2) children, as follows:

Name:       *JOHN ERNEST LEE HARRISON, II*
Sex:         Male
Birth date: September 2, 2000

763107.1

Certified Document Number: 61306832 - Page 1 of 3

Home state:   Texas

Name:         Victoria Madeline Harrison
Sex:          Female
Birth date:   July 27, 2004
Home state:   Texas

## Order of the Court

The Court, having heard the evidence and argument of counsel, makes the following order:

~~IT IS ORDERED that, effective immediately, that CLIFFORD LAYNE HARRISON is given the exclusive right to make educational decisions on behalf of the minor children until further order of this Court.~~

IT **IS ORDERED** that **CLIFFORD LAYNE HARRISON** shall have the right to pursue enrolling the children into First Baptist Academy which pursuit shall be uninterrupted by **CONNIE VASQUEZ HARRISON.**

IT **IS ORDERED** that **CONNIE VASQUEZ HARRISON** is immediately enjoined from communicating in any manner with any teachers or other personnel at First Baptist Academy until further order of this Court.

IT **IS ORDERED** that in the event the children do not attend First Baptist Academy then, and in that event, the children shall attend the public schools to which **CLIFFORD LAYNE HARRISON's** residence is zoned, ie, Briargrove Elementary and Grady Middle School.

Signed this _____30___ day of May, 2014.

_____
Judge Tom Stansbury

Certified Document Number: 61306832 - Page 2 of 3

APPROVED AS TO FORM ONLY:

*Schlanger, Silver, Barg & Paine, LLP*

By:_____
     Patricia A. Wicoff
     State Bar No. 21422500
     Amy R. Harris
     State Bar No. 24041057
     Attorneys for Petitioner
109 North Post Oak Lane, Suite 300
Houston, Texas 77024
Telephone:    (713) 735-8514
Facsimile:    (713) 351-4514
pwicoff@ssbplaw.com (Non-service emails)
aharris@ssbplaw.com (Non-service emails)
famlawservice@ssbplaw.com (Email service only)

*Martin, Disiere, Jefferson & Wisdom*

By:_____
     Christopher W. Martin
     State Bar No. 13057620
     Attorney for Respondent
808 Travis St., 20th Floor
Houston, Texas 77002
Telephone:    (713) 632-1700
Facsimile:    (713) 222-0101
martin@mdjwlaw.com

*Law Office of Heather M. Hughes*

By:_____
     Heather M. Hughes
     State Bar No. 00796794
     Amicus Attorney
952 Echo Lane, Suite 475
Houston, Texas 77024
Telephone:    (713) 463-5505
Facsimile:    (713) 463-5213
hhughes@hmhugheslaw.com

*by permission*

Certified Document Number: 61306832 - Page 3 of 3



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 30, 2015

Certified Document Number:        61306832 Total Pages:  3

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# APPENDIX G

*FINAL DECREE*
**MARCH 27, 2015**

CAUSE NO. 2006-68864

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT OF |
| THE MARRIAGE OF | § | |
| | § | |
| CLIFFORD LAYNE HARRISON | § | |
| AND | § | HARRIS COUNTY, T E X A S |
| CONNIE VASQUEZ HARRISON | § | |
| | § | |
| AND IN THE INTEREST OF JOHN ERNEST | § | |
| LEE HARRISON, II AND VICTORIA | § | |
| MADELINE HARRISON, CHILDREN | § | 311TH JUDICIAL DISTRICT |

## FINAL ORDER AND DECREE ON DIVISION OF PROPERTY AND DETERMINATION OF CONSERVATORSHIP AND CONFIRMATION OF DIVORCE

FILED
Chris Daniel
District Clerk

On January 20, 21, 22, 23, 26, 27, 28, 29 and 30, 2015 the Court heard this case.

MAR 27 2015

Time: 10:20

Harris County, Texas

By_____
Deputy

### Appearances

Petitioner, **CLIFFORD LAYNE HARRISON**, appeared in person and through attorneys of record, Patricia A. Wicoff and Amy R. Harris, and announced ready for trial.

Respondent, **CONNIE VASQUEZ HARRISON**, appeared in person.

Also appearing was Heather Hughes, appointed by the Court as amicus attorney to assist the Court in protecting the best interests of the children the subject of this suit.

### Record

The record of testimony was duly reported by Stephanie Wells, the court reporter for the 311th Judicial District Court.

### Jurisdiction and Domicile

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties.

The Court further finds that, at the time this suit was filed, Petitioner had been a domiciliary of Texas for the preceding six-month period and a resident of the county in which this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly cited.

864119.1

## Jury

A jury was waived, and questions of fact and of law were submitted to the Court.

## Divorce Confirmed and Ordered

The Court finds and confirms that the 14th Court of Appeals issued an Opinion on March 13, 2012 and a Substitute Opinion on April 26, 2012 granting the parties' divorce as of June 21, 2010, and IT IS THEREFORE ORDERED that the parties were divorced effective June 21, 2010.

## Children of the Marriage

The Court finds that Petitioner and Respondent are the parents of the following children:

Name: *John Ernest Lee Harrison, II*
    Sex:    Male
    Birth date:    September 2, 2000
    Home state:   Texas
    Social Security number:    xxx-xx-4383
    Driver's license number and issuing state:   Not applicable

Name: *Victoria Madeline Harrison*
    Sex:    Female
    Birth date:    July 27, 2004
    Home state:   Texas
    Social Security number:    xxx-xx-1257
    Driver's license number and issuing state:   Not applicable

The Court finds no other children of the marriage are expected.

## Conservatorship

The Court finds that the appointment of Petitioner and Respondent as joint managing conservators would not be in the best interest of the children. The Court, having considered the circumstances of the parents and of the children, finds that the following orders are in the best interest of the children.

IT IS ORDERED that CLIFFORD LAYNE HARRISON is appointed a sole managing conservator and CONNIE VASQUEZ HARRISON is appointed a possessory conservator of the two minor children subjects of this suit, *John Ernest Lee Harrison, II* and *Victoria Madeline Harrison.*

*Rights at All Times*

IT IS ORDERED that, at all times, **CLIFFORD LAYNE HARRISON** as a parent sole managing conservator shall have the following rights:

1.      the right to receive information from any other conservator of the children concerning the health, education, and welfare of the children;

2.      the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the children;

3.      the right of access to medical, dental, psychological, and educational records of the children;

4.      the right to consult with a physician, dentist, or psychologist of the children;

5.      the right to consult with school officials concerning the children's welfare and educational status, including school activities;

6.      the right to attend school activities;

7.      the right to be designated on the children's records as a person to be notified in case of an emergency;

8.      the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the children; and

9.      the right to manage the estates of the children to the extent the estates have been created by the parent or the parent's family.

IT IS ORDERED that, at all times, **CONNIE VASQUEZ HARRISON** as a parent possessory conservator, shall have the following rights:

1.      the right to receive information from any other conservator of the children concerning the health, education, and welfare of the children;

2.      the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the children;

3.      the right of access to medical, dental, psychological, and educational records of the children;

4.      the right to consult with a physician, dentist, or psychologist of the children;

---

5.      the right to consult with school officials concerning the children's welfare and educational status, including school activities;

6.      the right to be designated on the children's records as a person to be notified in case of an emergency;

7.      the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the children; and

8.      the right to manage the estates of the children to the extent the estates have been created by the parent or the parent's family.

### Duties at All Times

IT IS ORDERED that, at all times, CLIFFORD LAYNE HARRISON as a parent sole managing conservator and CONNIE VASQUEZ HARRISON as a parent possessory conservator, shall each have the following duties:

1.      the duty to inform the other conservator of the children in a timely manner of significant information concerning the health, education, and welfare of the children; and

2.      the duty to inform the other conservator of the children if the conservator resides with for at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that this information shall be tendered in the form of a notice made as soon as practicable, but not later than the fortieth day after the date the conservator of the children begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. **WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.**

### Rights and Duties During Periods of Possession

IT IS ORDERED that, during their respective periods of possession, CLIFFORD LAYNE HARRISON as a parent sole managing conservator and CONNIE VASQUEZ HARRISON as a parent possessory conservator, shall each have the following rights and duties:

1. the duty of care, control, protection, and reasonable discipline of the children;

2. the duty to support the children, including providing the children with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3. the right to consent for the children to medical and dental care not involving an invasive procedure; and

4. the right to direct the moral and religious training of the children.

### Exclusive Rights and Duty of Sole Managing Conservator

IT IS ORDERED that, **CLIFFORD LAYNE HARRISON**, as parent sole managing conservator, shall have the following exclusive rights and duty:

1. the right to designate the primary residence of the children subject to the geographic restriction of the residence of the children and is provided for herein;

2. the right to consent to medical, dental, and surgical treatment involving invasive procedures;

3. the right to consent to psychiatric and psychological treatment of the children;

4. the right to receive and give receipt for periodic payments for the support of the children and to hold or disburse these funds for the benefit of the children;

5. the right to represent the children in legal action and to make other decisions of substantial legal significance concerning the children;

6. the right to consent to marriage and to enlistment in the armed forces of the United States;

7. the right to make decisions concerning the children's education;

8. except as provided by section 264.0111 of the Texas Family Code, the right to the services and earnings of the children;

9. except when a guardian of the children's estates or a guardian or attorney ad litem has been appointed for the children, the right to act as an agent of the children in relation to the children's estates if the children's action is required by a state, the United States, or a foreign government; and

10. the right and duty to manage the estates of the children to the extent the estates have been created by community property or the joint property of the

parties.

### *Geographical Area for Primary Residence*

IT IS ORDERED that the primary residence of the children shall be Harris County, Texas, or contiguous counties, and the parties are enjoined from removing the children from Harris County, Texas, or contiguous counties, for the purpose of changing the primary residence of the children until modified by further order of the court of continuing jurisdiction or by written agreement signed by the parties and filed with the court. IT IS FURTHER ORDERED that CLIFFORD LAYNE HARRISON shall have the exclusive right to designate the children's primary residence within Harris County, Texas, or contiguous counties. IT IS ORDERED that this geographical restriction on the residence of the children shall be lifted if, at the time CLIFFORD LAYNE HARRISON wishes to remove the children from Harris County, Texas or contiguous counties for the purpose of changing the primary residence of the children, CONNIE VASQUEZ HARRISON does not reside in Harris County, Texas or contiguous counties.

### *Custodial Accounts*

IT IS ORDERED that the following custodial accounts now held by the parties for the parties' children are placed under the sole and exclusive control of CLIFFORD LAYNE HARRISON:

1. Frost UTMA Acct # xxxx6511 Ino: *John Earnest Lee Harrison, II*;
2. Hartford 529 Acct # xxx3712 Ino: *John Earnest Lee Harrison, II*;
3. Hartford 529 Acct # xxx3712 Ino: *Victoria Madeline Harrison*; and
4. Wells Fargo UTMA Acct # xxxx3813 Ino: *Victoria Madeline Harrison*.

### *Possession and Access*

The Court FINDS that credible evidence has been presented that the provisions of the Standard Possession Order as provided for in the Texas Family Code are inappropriate or unworkable and that the orders of the Court concerning possession and access to the children by CONNIE VASQUEZ HARRISON are not more restrictive than necessary to provide for the safety and welfare of the children

This Order is effective immediately and applies to all periods of possession occurring on and after the date the Court signs this Order.

IT IS, THEREFORE, ORDERED that any and all periods of possession by CONNIE VASQUEZ HARRISON shall be supervised under the following terms and conditions:

1. CONNIE VASQUEZ HARRISON shall have supervised periods of possession on Saturday following the second and fourth Friday of each month for a period of four (4) hours or on days and at times mutually agreed upon between the parties and the supervisor.

2.	All periods of possession shall be supervised by supervisor, David Tristan.

3.	If periods of possession are not supervised by David Tristan, then, in that event, **CONNIE VASQUEZ HARRISON's** periods of possession shall be supervised by SAFE, through their private program.

4.	**IT IS ORDERED** that **CONNIE VASQUEZ HARRISON** shall be responsible for 100% of any and all costs or expenses for supervised visitation, including but not limited to the customary fees of David Tristan, SAFE private program enrollment of both parties, and visitation expenses.

5.	**IT IS ORDERED** that **CONNIE VASQUEZ HARRISON** shall provide no less than ten (10) days' written notice to **CLIFFORD LAYNE HARRISON** of her election to enroll in the SAFE program. **CLIFFORD LAYNE HARRISON** and **CONNIE VASQUEZ HARRISON** are ORDERED to enroll in the SAFE private program within ten (10) days of receiving such notice from **CONNIE VASQUEZ HARRISON** of her election of the SAFE private program for periods of supervised possession.

6.	**IT IS ORDERED** that **CONNIE VASQUEZ HARRISON** shall be responsible for scheduling the supervised visitation with the supervisor, and shall give deference to and consider the children's schedule, including extracurricular activities, as well as the schedule of the supervisor.

7.	**IT IS ORDERED** that **CONNIE VASQUEZ HARRISON's** period of possession shall NOT interfere with the children's regularly scheduled extracurricular activities. In the event the children's schedule or the schedule of the supervisor do not permit a four (4) hour visitation for **CONNIE VASQUEZ HARRISON** on the designated Saturday, then and in that event, **CONNIE VASQUEZ HARRISON** shall be awarded a four (4) hour visitation on the Sunday immediately following the Saturday visitation that **CONNIE VASQUEZ HARRISON** was to have had with the children, subject to accounting for and giving deference to the children's schedules for extracurricular activities and the schedule of the supervisor.

8.	In the event that a period of possession by **CONNIE VASQUEZ HARRISON** is impermissible due to the scheduling conflicts of the supervisor and the children on both the Saturday and Sunday following the second or fourth Friday of the month, **CONNIE VASQUEZ HARRISON** may schedule a four (4) hour period of possession with the supervisor on the Saturday following the fifth Friday of that calendar month, subject to accounting for and giving deference to the children's schedules for extracurricular activities and the schedule of the supervisor.

9.	**IT IS ORDERED** that **CONNIE VASQUEZ HARRISON** shall obtain the children's extracurricular activity schedule from **CLIFFORD LAYNE HARRISON,** and that **CLIFFORD LAYNE HARRISON** shall provide the schedule to **CONNIE VASQUEZ HARRISON.** **IT IS FURTHER ORDERED** that **CONNIE VASQUEZ HARRISON** shall provide no less than seven (7) days' written

notice of her intended period of possession to **CLIFFORD LAYNE HARRISON** and the supervisor. **CONNIE VASQUEZ HARRISON** shall be responsible for facilitating the scheduling of all periods of possession with the supervisor and **CLIFFORD LAYNE HARRISON.**

10. **IT IS ORDERED** that **CONNIE VASQUEZ HARRISON** shall enroll in the Children 4 Tomorrow LEAP Program within forty-five (45) days from the date of this rendition and to complete the four (4) course program within six (6) months of this rendition. **CONNIE VASQUEZ HARRISON** is **ORDERED** to pay 100% of the costs and expenses of enrolling in and attending this program.

11. **IT IS ORDERED** that **CONNIE VASQUEZ HARRISON** shall file the certificate of completion of the Children 4 Tomorrow LEAP Program within seven (7) days of receiving the certificate with the District Clerk of Harris County, Texas and shall identify the appropriate cause number for the clerk to file such certificate with the Court's file of this cause. **IT IS FURTHER ORDERED** that **CONNIE VASQUEZ HARRISON** shall forward a copy of the certificate of completion of the Children 4 Tomorrow LEAP Program to Patricia A. Wicoff or Amy R. Harris at Schlanger, Silver, Barg & Paine, LLP at 109 N. Post Oak Ln., Suite 300, Houston, Texas 77024.

*Undesignated Periods of Possession*

**CLIFFORD LAYNE HARRISON** shall have the right of possession of the child at all other times not specifically designated in this Order for **CONNIE VASQUEZ HARRISON.**

*Personal Property of John Earnest Lee Harrison, II – Boy Scouts*

**CONNIE VASQUEZ HARRISON** is **ORDERED** to appear in the 311th District Court of Harris County, Texas at 201 Caroline, Houston, Texas 77002, at 9:00 a.m. on February 26, 2015, and to deliver to Patricia A. Wicoff or Amy R. Harris the following items:

a.  Boy Scout Badge(s);
b.  Scout book; and
c.  Boy Scout sash.

*Duration*

The periods of possession **ORDERED** above apply to each child the subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

*Noninterference with Possession*

Except as expressly provided herein, **IT IS ORDERED** that neither conservator shall take possession of the children during the other conservator's period of possession unless there is a prior written agreement signed by both conservators or in case of an emergency.

*Termination of Orders*

The provisions of this final order relating to conservatorship, possession, or access terminate on the remarriage of **CLIFFORD LAYNE HARRISON** to **CONNIE VASQUEZ HARRISON** unless a nonparent or agency has been appointed conservator of the children under chapter 153 of the Texas Family Code.

*Child Support*

**IT IS ORDERED** that **CONNIE VASQUEZ HARRISON** is obligated to pay and shall pay to **CLIFFORD LAYNE HARRISON** child support of six hundred twenty dollars ($620.00) per month, with the first payment being due and payable on March 1, 2015 and a like payment being due and payable on the first day of each month thereafter until the first month following the date of the earliest occurrence of one of the events specified below:

1.   any child reaches the age of eighteen years or graduates from high school, whichever occurs later, subject to the provisions for support beyond the age of eighteen years set out below;

2.   any child marries;

3.   any child dies;

4.   any child enlists in the armed forces of the United States and begins active service as defined by section 101 of title 10 of the United States Code; or

5.   any child's disabilities are otherwise removed for general purposes.

Thereafter, **CONNIE VASQUEZ HARRISON** is **ORDERED** to pay to **CLIFFORD LAYNE HARRISON** child support of four hundred ninety six dollars ($496.00) per month, due and payable on the first day of the first month immediately following the date of the earliest occurrence of one of the events specified above for the other child and a like sum of four hundred ninety six dollars ($496.00) due and payable on the first day of each month thereafter until the next occurrence of one of the events specified above for the other child.

If the child is eighteen years of age and has not graduated from high school, **IT IS ORDERED** that **CONNIE VASQUEZ HARRISON**'s obligation to pay child support to **CLIFFORD LAYNE HARRISON** shall not terminate but shall continue for as long as the child is enrolled-

1.   under chapter 25 of the Texas Education Code in an accredited secondary school in a program leading toward a high school diploma or under section 130.008 of the Education Code in courses for joint high school and junior college credit and is complying with the minimum attendance requirements of subchapter C of chapter 25 of the Education Code or

2. on a full-time basis in a private secondary school in a program leading toward a high school diploma and is complying with the minimum attendance requirements imposed by that school.

## Withholding from Earnings

IT IS ORDERED that any employer of **CONNIE VASQUEZ HARRISON** shall be ORDERED to withhold from earnings for child support from the disposable earnings of **CONNIE VASQUEZ HARRISON** for the support of *John Earnest Lee Harrison, II* and *Victoria Madeline Harrison.*

IT IS FURTHER ORDERED that all amounts withheld from the disposable earnings of **CONNIE VASQUEZ HARRISON** by the employer and paid in accordance with the order to that employer shall constitute a credit against the child support obligation. Payment of the full amount of child support ORDERED paid by this decree through the means of withholding from earnings shall discharge the child support obligation. If the amount withheld from earnings and credited against the child support obligation is less than 100 percent of the amount ORDERED to be paid by this decree, the balance due remains an obligation of **CONNIE VASQUEZ HARRISON**, and it is hereby ORDERED that **CONNIE VASQUEZ HARRISON** pay the balance due directly to the state disbursement unit specified below.

On this date the Court authorized the issuance of an Income Withholding for Support.

## Payment

IT IS ORDERED that all payments shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791, and thereafter promptly remitted to **CLIFFORD LAYNE HARRISON** for the support of the children. IT IS ORDERED that each party shall pay, when due, all fees charged to that party by the state disbursement unit and any other agency statutorily authorized to charge a fee.

## Change of Employment

IT IS FURTHER ORDERED that **CONNIE VASQUEZ HARRISON** shall notify this Court and **CLIFFORD LAYNE HARRISON** by U.S. certified mail, return receipt requested, of any change of address and of any termination of employment. This notice shall be given no later than seven days after the change of address or the termination of employment. This notice or a subsequent notice shall also provide the current address of **CONNIE VASQUEZ HARRISON** and the name and address of his current employer, whenever that information becomes available.

## Clerk's Duties

IT IS ORDERED that, on the request of a prosecuting attorney, the title IV-D agency, the friend of the Court, a domestic relations office, **CLIFFORD LAYNE HARRISON, CONNIE VASQUEZ HARRISON,** or an attorney representing **CONNIE VASQUEZ HARRISON** or **CLIFFORD LAYNE**

HARRISON, the clerk of this Court shall cause a certified copy of the Income Withholding for Support to be delivered to any employer.

## Suspension of Withholding from Earnings

The Court finds that good cause exists that no order to withhold from earnings for child support should be delivered to any employer of **CONNIE VASQUEZ HARRISON** as long as no delinquency or other violation of this child support order occurs and as long as the Office of the Attorney General Child Support Division is not providing services to **CLIFFORD LAYNE HARRISON**. For the purpose of this provision, a delinquency has occurred if **CONNIE VASQUEZ HARRISON** has been in arrears for an amount due for more than thirty days or the amount of the arrearages equals or is greater than the amount due for a one-month period. If a delinquency or other violation occurs or if the Office of the Attorney General Child Support Division begins providing services to **CLIFFORD LAYNE HARRISON**, the clerk shall deliver the order to withhold earnings as provided above.

ACCORDINGLY, **IT IS ORDERED** that, as long as no delinquency or other violation of this child support order occurs and as long as the Office of the Attorney General Child Support Division is not providing services to **CLIFFORD LAYNE HARRISON**, all payments shall be made through the state disbursement unit and thereafter promptly remitted to **CLIFFORD LAYNE HARRISON** for the support of the children. If a delinquency or other violation occurs or if the Office of the Attorney General Child Support Division begins providing services to **CLIFFORD LAYNE HARRISON**, all payments shall be made in accordance with the order to withhold earnings as provided above.

### Health Care

1.      **IT IS ORDERED** that **CLIFFORD LAYNE HARRISON** and **CONNIE VASQUEZ HARRISON** shall each provide medical support for each child as set out in this order as additional child support for as long as the Court may order **CLIFFORD LAYNE HARRISON** and **CONNIE VASQUEZ HARRISON** to provide support for the child under sections 154.001 and 154.002 of the Texas Family Code. Beginning on the day **CLIFFORD LAYNE HARRISON** and **CONNIE VASQUEZ HARRISON**'s actual or potential obligation to support a child under sections 154.001 and 154.002 of the Family Code terminates, **IT IS ORDERED** that **CLIFFORD LAYNE HARRISON** and **CONNIE VASQUEZ HARRISON** are discharged from the obligations set forth in this medical support order with respect to that child, except for any failure by a parent to fully comply with those obligations before that date.

2.      Definitions -

"Health Insurance" means insurance coverage that provides basic health-care services, including usual physician services, office visits, hospitalization, and laboratory, X-ray, and emergency services, that may be provided through a health maintenance organization or other private or public organization, other than medical assistance under chapter 32 of the Texas

Human Resources Code.

"Reasonable cost" means the total cost of health insurance coverage for all children for which **CLIFFORD LAYNE HARRISON** is responsible under a medical support order that does not exceed 9 percent of **CLIFFORD LAYNE HARRISON**'s annual resources, as described by section 154.062(b) of the Texas Family Code.

"Reasonable and necessary health-care expenses not paid by insurance and incurred by or on behalf of a child" include, without limitation, any copayments for office visits or prescription drugs, the yearly deductible, if any, and medical, surgical, prescription drug, mental health-care services, dental, eye care, ophthalmological, and orthodontic charges. These reasonable and necessary health-care expenses do not include expenses for travel to and from the health-care provider or for nonprescription medication.

"Furnish" means –

      a.    to hand deliver the document by a person eighteen years of age or older either to the recipient or to a person who is eighteen years of age or older and permanently resides with the recipient;

      b.    to deliver the document to the recipient by certified mail, return receipt requested, to the recipient's last known mailing or residence address; or

      c.    to deliver the document to the recipient at the recipient's last known mailing or residence address using any person or entity whose principal business is that of a courier or deliverer of papers or documents either within or outside the United States.

3.     Findings on Health Insurance Availability- Having considered the cost, accessibility, and quality of health insurance coverage available to the parties, the Court finds:

Health insurance is available or is in effect for the children through **CLIFFORD LAYNE HARRISON**'s employment or membership in a union, trade association, or other organization at a reasonable cost.

**IT IS FURTHER FOUND** that the following orders regarding health-care coverage are in the best interest of the children.

4.     Provision of Health-Care Coverage –

**CLIFFORD LAYNE HARRISON** is **ORDERED** to continue to maintain health insurance for each child who is the subject of this suit that covers basic health-care services, including usual physician services, office visits, hospitalization, laboratory, X-ray, and emergency services.

CLIFFORD LAYNE HARRISON is ORDERED to maintain such health insurance in full force and effect on each child who is the subject of this suit as long as child support is payable for that child. CLIFFORD LAYNE HARRISON is ORDERED to convert any group insurance to individual coverage or obtain other health insurance for each child within fifteen days of termination of his employment or other disqualification from the group insurance. CLIFFORD LAYNE HARRISON is ORDERED to exercise any conversion options or acquisition of new health insurance in such a manner that the resulting insurance equals or exceeds that in effect immediately before the change.

CLIFFORD LAYNE HARRISON is ORDERED to furnish CONNIE VASQUEZ HARRISON and the Office of the Attorney General Child Support Division a true and correct copy of the health insurance policy or certification and a schedule of benefits within 30 days of the signing of this order. CLIFFORD LAYNE HARRISON is ORDERED to furnish CONNIE VASQUEZ HARRISON the insurance cards and any other forms necessary for use of the insurance within 30 days of the signing of this order. CLIFFORD LAYNE HARRISON is ORDERED to provide, within three days of receipt by him, to CONNIE VASQUEZ HARRISON any insurance checks, other payments, or explanations of benefits relating to any medical expenses for the children that CONNIE VASQUEZ HARRISON paid or incurred.

Pursuant to section 1504.051 of the Texas Insurance Code, IT IS ORDERED that if CLIFFORD LAYNE HARRISON is eligible for dependent health coverage but fails to apply to obtain coverage for the children, the insurer shall enroll the children on application of CONNIE VASQUEZ HARRISON or others as authorized by law.

Pursuant to section 154.183(c) of the Texas Family Code, the reasonable and necessary health-care expenses of the children that are not reimbursed by health insurance are allocated as follows: CONNIE VASQUEZ HARRISON is ORDERED to pay 50 percent and CLIFFORD LAYNE HARRISON is ORDERED to pay 50 percent of the unreimbursed health-care expenses if, at the time the expenses are incurred, CLIFFORD LAYNE HARRISON is providing health insurance as ORDERED.

The party who incurs a health-care expense on behalf of a child is ORDERED to furnish to the other party all forms, receipts, bills, statements, and explanations of benefits reflecting the uninsured portion of the health-care expenses within thirty days after he or she receives them. The nonincurring party is ORDERED to pay his or her percentage of the uninsured portion of the health-care expenses either by paying the health-care provider directly or by reimbursing the incurring party for any advance payment exceeding the incurring party's percentage of the uninsured portion of the health-care expenses within thirty days after the nonincurring party receives the forms, receipts, bills, statements, and explanations of benefits.

These provisions apply to all unreimbursed health-care expenses of any child who is the subject of this suit that are incurred while child support is payable for that child.

5.    Secondary Coverage - **IT IS ORDERED** that if a party provides secondary health insurance coverage for the children, both parties shall cooperate fully with regard to the handling and filing of claims with the insurance carrier providing the coverage in order to maximize the benefits available to the children and to ensure that the party who pays for health-care expenses for the children is reimbursed for the payment from both carriers to the fullest extent possible.

6.    Compliance with Insurance Company Requirements - Each party is **ORDERED** to conform to all requirements imposed by the terms and conditions of the policy of health insurance covering the children in order to assure the maximum reimbursement or direct payment by the insurance company of the incurred health-care expense, including but not limited to requirements for advance notice to any carrier, second opinions, and the like.  Each party is **ORDERED** to use "preferred providers," or services within the health maintenance organization, if applicable.  Disallowance of the bill by a health insurer shall not excuse the obligation of either party to make payment.  Excepting emergency health-care expenses incurred on behalf of the children, if a party incurs health-care expenses for the children using "out-of-network" health-care providers or services, or fails to follow the health insurance company procedures or requirements, that party shall pay all such health-care expenses incurred absent (1) written agreement of the parties allocating such health-care expenses or (2) further order of the Court.

7.    Claims - Except as provided in this paragraph, the party who is not carrying the health insurance policy covering the children is **ORDERED** to furnish to the party carrying the policy, within fifteen days of receiving them, any and all forms, receipts, bills, and statements reflecting the health-care expenses the party not carrying the policy incurs on behalf of the children.  In accordance with section 1204.251 and 1504.055(a) of the Texas Insurance Code, **IT IS ORDERED** that the party who is not carrying the health insurance policy covering the children, at that party's option, may file any claims for health-care expenses directly with the insurance carrier with and from whom coverage is provided for the benefit of the children and receive payments directly from the insurance company.  Further, for the sole purpose of section 1204.251 of the Texas Insurance Code, **CONNIE VASQUEZ HARRISON** is designated the managing conservator or possessory conservator of the children.

The party who is carrying the health insurance policy covering the children is **ORDERED** to submit all forms required by the insurance company for payment or reimbursement of health-care expenses incurred by either party on behalf of a child to the insurance carrier within fifteen days of that party's receiving any form, receipt, bill, or statement reflecting the expenses.

8.    Constructive Trust for Payments Received - **IT IS ORDERED** that any insurance payments received by a party from the health insurance carrier as reimbursement for health-care expenses incurred by or on behalf of a child shall belong to the party who paid those expenses.  **IT IS FURTHER ORDERED** that the party receiving the insurance payments is designated a constructive trustee to receive any insurance checks or payments for health-care

expenses paid by the other party, and the party carrying the policy shall endorse and forward the checks or payments, along with any explanation of benefits received, to the other party within three days of receiving them.

9.     **WARNING - A PARENT ORDERED TO PROVIDE HEALTH INSURANCE OR TO PAY THE OTHER PARENT ADDITIONAL CHILD SUPPORT FOR THE COST OF HEALTH INSURANCE WHO FAILS TO DO SO IS LIABLE FOR NECESSARY MEDICAL EXPENSES OF THE CHILDREN, WITHOUT REGARD TO WHETHER THE EXPENSES WOULD HAVE BEEN PAID IF HEALTH INSURANCE HAD BEEN PROVIDED, AND FOR THE COST OF HEALTH INSURANCE PREMIUMS OR CONTRIBUTIONS, IF ANY, PAID ON BEHALF OF THE CHILDREN.**

10.     Notice to Employer - On this date a Medical Support Notice was signed by the Court.  For the purpose of section 1169 of title 29 of the United States Code, the party not carrying the health insurance policy is designated the custodial parent and alternate recipient's representative.

## *Miscellaneous Child Support Provisions*

### Support as Obligation of Estate

**IT IS ORDERED** that the provisions for child support in this decree shall be an obligation of the estate of **CONNIE VASQUEZ HARRISON** and shall not terminate on the death of **CONNIE VASQUEZ HARRISON**.  Payments received for the benefit of the children, including payments from the Social Security Administration, Department of Veterans Affairs or other governmental agency or life insurance proceeds, annuity payments, trust distributions, or retirement survivor benefits, shall be a credit against this obligation.  Any remaining balance of the child support is an obligation of **CONNIE VASQUEZ HARRISON**'s estate.

### Termination of Orders on Remarriage of Parties but Not on Death of Obligee

The provisions of this decree relating to current child support terminate on the remarriage of **CLIFFORD LAYNE HARRISON** to **CONNIE VASQUEZ HARRISON** unless a nonparent or agency has been appointed conservator of the children under chapter 153 of the Texas Family Code.  An obligation to pay child support under this decree does not terminate on the death of **CLIFFORD LAYNE HARRISON** but continues as an obligation to *John Earnest Lee Harrison, III* and *Victoria Madeline Harrison*.

## *Information Regarding Parties*

The information required for each party by section 105.006(a) of the Texas Family Code is as follows:

Name: **CLIFFORD LAYNE HARRISON**

| | |
|---|---|
| Social Security number: | xxx-xx-x717 |
| Driver's license number: | xxxxx572     Issuing state:  Texas |
| Current residence address: | 5634 Cedar Creek, Houston, Texas  77056 |
| Mailing address: | 5634 Cedar Creek, Houston, Texas  77056 |
| Home telephone number: | (281) 782-9169 |
| Name of employer: | Munsch Hardt Kopf & Harr, PC |
| Address of employment: | 700 Milam Street, Suite 2700, Houston, Texas 77002 |
| Work telephone number: | 713-222-5865 |

Name: **CONNIE VASQUEZ HARRISON**

| | |
|---|---|
| Social Security number: | xxx-xx-x374 |
| Driver's license number | xxxxx686  Issuing state:  Texas |
| Current residence address: | 1614 Springwood, Houston, Texas 77055 |
| Mailing address: | 1614 Springwood, Houston, Texas 77055 |
| Home telephone number: | |
| Name of employer: | N/A |
| Address of employment: | N/A |
| Work telephone number: | N/A |

*Required Notices*

EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER, AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY WITH THE CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

Notice shall be given to the other party by delivering a copy of the notice to the party by registered or certified mail, return receipt requested. Notice shall be given to the Court by delivering a copy of the notice either in person to the clerk of this Court or by registered or certified mail addressed to the clerk at 201 Caroline, Houston, Texas 77002. Notice shall be given to the state case registry by mailing a copy of the notice to State Case Registry, Contract Services Section, MC046S, P.O. Box 12017, Austin, Texas 78711-2017.

**NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $10,000.**

## Warnings to Parties

**WARNINGS TO PARTIES: FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.**

**FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY'S NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.**

**FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.**

## Division of Marital Estate

The Court finds that the following is a just and right division of the parties' marital estate, having due regard for the rights of each party and the children of the marriage.

### Property to Husband

IT IS ORDERED AND DECREED that the husband, **CLIFFORD LAYNE HARRISON**, is awarded the following as his sole and separate property, and the wife is divested of all right,

title, interest, and claim in and to that property:

H-1.    All interest in and to the following real property, both separate property interest and community interest, including but not limited to any escrow funds, prepaid insurance, utility deposits, keys, house plans, home security access and code, garage door opener, warranties and service contracts, and title and closing documents:

Lot Four (4), in Block Thirty-four (34) of TANGLEWOOD, SECTION EIGHT (8), a subdivision in Harris County, Texas, according to the map or plat thereof, recorded in Volume 36, Page 66 of the Map Records of Harris County, Texas; commonly known as 5634 Cedar Creek, Houston, Texas.

H-2.    All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the husband or subject to his sole control.

H-3.    All clothing, jewelry, and other personal effects in the possession of the husband or subject to his sole control.

H-4.    All sums of cash in the possession of the husband or subject to his sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the husband's sole name or from which the husband has the sole right to withdraw funds or which are subject to the husband's sole control.

H-5.    The sum of $67,532.00, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof since June 21, 2010, the proceeds therefrom, and any other rights related to retirement benefits in The Hartford 401(k) arising out of CLIFFORD LAYNE HARRISON's employment.

Property to Wife

IT IS ORDERED AND DECREED that the wife, CONNIE VASQUEZ HARRISON, is awarded the following as her sole and separate property, and the husband is divested of all right, title, interest, and claim in and to that property:

W-1.    All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the wife or subject to her sole control.

W-2.    All clothing, jewelry, and other personal effects in the possession of the wife or subject to her sole control.

W-3.    All sums of cash in the possession of the wife or subject to her sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the wife's sole name or from

which the wife has the sole right to withdraw funds or which are subject to the wife's sole control.

W-4.  The sum of $183,468.00, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof since June 21, 2010, the proceeds therefrom, and any other rights related to retirement benefits in The Hartford 401(k) arising out of **CLIFFORD LAYNE HARRISON's** employment.

W-5.  100% interest in the 2006 Lexus motor vehicle, together with all prepaid insurance, keys, and title documents in the name of **CONNIE VASQUEZ HARRISON**.

Division of Debt

Debts to Husband

**IT IS ORDERED AND DECREED** that the husband, **CLIFFORD LAYNE HARRISON**, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the wife and her property harmless from any failure to so discharge, these items:

H-1.  All debts, charges, liabilities, and other obligations incurred solely by the husband from and after January 2006, unless express provision is made in this decree to the contrary.

H-2.  All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to the husband in this decree unless express provision is made in this decree to the contrary.

H-3.  The remaining attorney's fees and costs incurred in this matter.

Debts to Wife

**IT IS ORDERED AND DECREED** that the wife, **CONNIE VASQUEZ HARRISON**, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the husband and his property harmless from any failure to so discharge, these items:

W-1.  All debts, charges, liabilities, and other obligations incurred solely by the wife from and after January 2006 unless express provision is made in this decree to the contrary.

W-2.  All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on property awarded to the wife in this decree unless express provision is made in this decree to the contrary.

W-3.  Ten thousand dollars ($10,000.00) payable by **CONNIE VASQUEZ HARRISON** to PATRICIA A. WICOFF, Schlanger, Silver, Barg & Paine, LLP, at 109 N. Post Oak Ln., Suite 300,

Houston, Texas 77024, to be paid on or before April 30, 2015, by cash, cashier's check, or wire transfer.

W-4. _____ dollars ($*15,638.80*) payable by **CONNIE VASQUEZ HARRISON** to Heather Hughes, at 952 Echo Lane, Suite 475, Houston, Texas 77024, to be paid on or before April 30, 2015, by cash, cashier's check, or wire transfer.

<u>Notice</u>

**IT IS ORDERED AND DECREED** that each party shall send to the other party, within three days of its receipt, a copy of any correspondence from a creditor or taxing authority concerning any potential liability of the other party.

<u>Attorney's Fees</u>

The Court finds that since the remand of this matter, **CLIFFORD LAYNE HARRISON** incurred reasonable and necessary attorney's fees in the amount of $305,000 for the prosecution of the conservatorship and support of the children and to protect the best interest of the minor children. **IT IS ORDERED** that **CONNIE VASQUEZ HARRISON**, Respondent, is **ORDERED** to pay ten thousand dollars ($10,000.00) by cash, cashier's check, or wire transfer on or before April 30, 2015 to Patricia A. Wicoff at Schlanger, Silver, Barg & Paine, LLP at 109 N. Post Oak Ln., Suite 300, Houston, Texas 77024, who may enforce this order for fees in the attorney's own name.

The Court finds that Heather M. Hughes, as Amicus Attorney, has satisfactorily performed and fulfilled the duties and obligations imposed upon her by statute, including but not limited to those applicable duties identified in chapter 107 of the Texas Family Code, in her service to the Court and in her efforts to protect the best interest of the children the subject of this suit, *John Earnest Lee Harrison, II* and *Victoria Madeline Harrison.*

It is therefore **ORDERED** that Heather M. Hughes has, in the best interest of the children, satisfactorily performed and fulfilled her duties and obligations as Amicus Attorney for the children, *John Earnest Lee Harrison, II* and *Victoria Madeline Harrison*, all as set out in chapter 107 of the Texas Family Code.

The Court finds that since the date or remand by the Fourteenth Court of Appeals in Cause No. 14-10-00759-CV, Heather M. Hughes, has incurred $*45,715.80* as reasonable and necessary amicus attorney's fees, expenses and costs, rendered and/or incurred in connection with her appointment as Amicus Attorney for the children, John Earnest Lee Harrison, II and Victoria Madeline Harrison.

The Court further finds that since the date of remand by the Fourteenth Court of Appeals in Cause No. 14-10-00759-CV this Court has ordered Clifford Layne Harrison and Connie Vasquez Harrison to each pay the cost deposits in the amount of $21,500.00. The Court further

finds that each party should be credited with one-half (1/2) of the total sum on deposit with the Harris County District Clerk Court Registry in the amount of $14,438.20 towards their court ordered cost deposit obligation, or $7,219.10 each.

The Court finds that the funds on deposit with the Harris County District Clerk Court Registry have been released and paid to Heather M. Hughes by prior order of this Court. The Court further finds that of the court ordered cost deposit amount of $21,500, Clifford Layne Harrison has paid and/or been credited with payment of $21,500.00 to the Amicus Attorney. The Court finds that pursuant to the terms of a prior mediated settlement agreement, Clifford Layne Harrison has paid an additional amount of $7,599.56 in fees to the Amicus Attorney. The Court further finds that of the court ordered cost deposit amount of $21,500.00, Connie Vasquez Harrison has paid and/or been credited with payment of $7,219.10 to the Amicus Attorney. The court further finds that Connie Vasquez Harrison did not pay the separate cost deposit amounts of $5,280.89 and $9,000.00 as previously ordered by this Court.

The Court finds that Clifford Layne Harrison should be responsible for _50_ % of the total amicus attorney's fees, expenses and costs rendered and/or incurred by the Amicus Attorney since remand in this cause, which total is $_22,857.90_ and that Connie Vasquez Harrison should be responsible for _50_ % of the total amicus attorney's fees, expenses and costs rendered and/or incurred by the Amicus Attorney since remand in this cause, which total is $_22,857.90_.        * See 21-a

#### Attorney's Fees on Appeal

**IT IS FURTHER ORDERED AND DECREED** that **CONNIE VASQUEZ HARRISON** shall deposit thirty five thousand dollars ($35,000.00) into the registry of the 311th District Court of Harris County, Texas prior to filing an appeal to the Texas Court of Appeals in this matter.

**IT IS FURTHER ORDERED AND DECREED** that the thirty five thousand dollars ($35,000.00) deposited into the registry of the 311th District Court of Harris County, Texas shall be awarded to **CLIFFORD LAYNE HARRISON** upon the rendition of the trial court being AFFIRMED by a Texas Court of Appeals.

**IT IS FURTHER ORDERED AND DECREED** that **CONNIE VASQUEZ HARRISON** shall deposit fifteen thousand dollars ($15,000.00) into the registry of the 311th District Court of Harris County, Texas prior to filing a writ to the Texas Supreme Court in this matter.

**IT IS FURTHER ORDERED AND DECREED** that the fifteen thousand dollars ($15,000.00) deposited into the registry of the 311th District Court of Harris County, Texas shall be awarded to **CLIFFORD LAYNE HARRISON** upon an unsuccessful writ.

#### Confirmation of Separate Property

**IT IS ORDERED AND DECREED** that the following described property is confirmed as the

*addendum*

The Court finds that Clifford Layne Harrison has paid and/or been credited for funds remitted to the Amicus Attorney in excess of the amounts ordered herein and that Clifford Layne Harrison is entitled to a refund from the Amicus Attorney in the amount of $6,241.65. IT IS ORDERED that Heather M. Hughes shall remit payment to Clifford Layne Harrison in the amount of $6,241.65 at his last known mailing address within 7 days after this final judgment is signed.

Based on the foregoing the Court finds that Connie Vasquez Harrison should be obligated to pay the amount of $15,638.80 which remains due and owing to Heather M. Hughes after all payments, credits and/or refunds contemplated herein have been accounted for. IT IS THEREFORE ORDERED that good cause exists to award Heather M. Hughes a judgment, as additional child support, in the principal amount of $15,638.80 against Connie Vasquez Harrison for amicus attorney's fees, expenses and costs for the legal services rendered and/or incurred as Amicus Attorney in the pursuit of protecting the best interest of the children, with such judgment to bear interest at the legal rate per annum, compounded annually from the date this order is signed until paid, for which let execution issue. IT IS ORDERED that Connie Vasquez Harrison shall pay the amount ordered herein to Heather M. Hughes at 952 Echo Lane, Suite 475, Houston, Texas 77024 by cash, cashier's check or money order on or before 5:00 p.m. on April 30, 2015. IT IS ORDERED that Heather M. Hughes may enforce the judgment for fees, expenses and costs in her own name by any means available for the enforcement of a judgment and/or for the payment of child support.

IT IS ORDERED that Heather M. Hughes may transfer any and all funds remaining in her trust account as previously deposited in this case to her operating account upon the signing of this order.

IT IS FUTHER ORDERED that Heather M. Hughes is hereby discharged and relieved of any further rights, duties, and responsibilities as Amicus Attorney for the children in this case upon the date the trial court's plenary power over this order expires.

21-a

separate property of **CLIFFORD LAYNE HARRISON**:

a.        An interest equally seventy percent (70%) in the real property located at 5634 Cedar Creek, Houston, Texas, 77056.   This interest, together with the community interest of 30% resulting in an award of the residence to Petitioner in its entirety.

b.        100% of the funds in the Chase Brokerage Account xxxx____, formerly Transamerica.

c.        One hundred percent (100%) interest in the 13255 Binnacle Way, Galveston, Texas 77554.

d.        The baby grand piano.

e.        Paintings.

<u>No Alimony</u>

**IT IS ORDERED AND DECREED** that no provision of this decree shall be construed as alimony under the Internal Revenue Code, except as this decree expressly provides for payment of maintenance or alimony under the Internal Revenue Code.

*Liabilities Not Listed*

**IT IS FURTHER ORDERED AND DECREED**, as a part of the division of the estate of the parties, that any community liability not expressly assumed by a party under this decree is to be paid by the party incurring the liability, and the party incurring the liability shall indemnify and hold the other party and his or her property harmless from any failure to so discharge the liability.

*Transfer and Delivery of Property*

**CONNIE VASQUEZ HARRISON** is **ORDERED** to appear in the 311th District Court of Harris County, Texas at 201 Caroline, Houston, Texas 77002, at 9:00 a.m. on February 26, 2015, and to execute, have acknowledged, and deliver to Patricia A. Wicoff these instruments:

<u>Special Warranty Deed</u>

This decree shall serve as a muniment of title to transfer ownership of all property awarded to any party in this Final Order and Decree on Division of Property and Determination of Conservatorship and Confirmation of Divorce.

*Permanent Injunctions as to Persons*

The Court finds that, because of the conduct of **CLIFFORD LAYNE HARRISON** and/or the

mutual agreement of the parties, a permanent injunction against him should be granted as appropriate relief because there is no adequate remedy at law.

The permanent injunction granted below shall be effective immediately and shall be binding on **CLIFFORD LAYNE HARRISON**; on his agents, servants, employees, and attorneys; and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise.

**IT IS ORDERED AND DECREED** that **CLIFFORD LAYNE HARRISON** is permanently enjoined from:

1.    being present at the school in which a child is enrolled for any reason unless it is during **CLIFFORD LAYNE HARRISON**'s designated periods of possession with the child.

2.    Making disparaging remarks about **CONNIE VASQUEZ HARRISON** in front of the children or within hearing distance of the children or allow the children to remain in the presence of any third-party making such remarks.

3.    Discussing any aspect of the litigation with the children, now or in the future or allow the children to remain in the presence of any third-party discussing such litigation

The Court finds that, because of the conduct of **CONNIE VASQUEZ HARRISON** and/or the mutual agreement of the parties, a permanent injunction against her should be granted as appropriate relief because there is no adequate remedy at law.

The permanent injunction granted below shall be effective immediately and shall be binding on **CONNIE VASQUEZ HARRISON**; on her agents, servants, employees, and attorneys; and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise.

**IT IS ORDERED AND DECREED** that **CONNIE VASQUEZ HARRISON** is permanently enjoined from:

1.    being present at the school in which a child is  enrolled for any reason unless it is during **CONNIE VASQUEZ HARRISON**'s designated periods of possession with the child.

2.    Making disparaging remarks about **CLIFFORD LAYNE HARRISON** in front of the children or within hearing distance of the children or allow the children to remain in the presence of any third-party making such remarks.

3.    Discussing any aspect of the litigation with the children, now or in the future or

allow the children to remain in the presence of any third-party discussing such litigation

### Service of Writ

Petitioner and Respondent waive issuance and service of the writ of injunction, by stipulation or as evidenced by the signatures below. **IT IS ORDERED** that Petitioner and Respondent shall be deemed to be duly served with the writ of injunction.

### Court Costs

**IT IS ORDERED AND DECREED** that costs of court are to be borne by the party who incurred them.

### Resolution of Temporary Orders

**IT IS ORDERED AND DECREED** that Petitioner and Respondent are discharged from all further liabilities and obligations imposed by any temporary order of this Court.

### Discharge from Discovery Retention Requirement

**IT IS ORDERED AND DECREED** that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

### Acknowledgment

Petitioner, **CLIFFORD LAYNE HARRISON**, and Respondent, **CONNIE VASQUEZ HARRISON**, each acknowledge their signature below on this Final Order and Decree on Division of Property and Determination of Conservatorship and Confirmation of Divorce, and further acknowledge that this order reflects the Order of the Court.

### Indemnification

Each party represents and warrants that he or she has not incurred any outstanding debt, obligation, or other liability on which the other party is or may be liable, other than those described in this decree. Each party agrees and **IT IS ORDERED** that if any claim, action, or proceeding is hereafter initiated seeking to hold the party not assuming a debt, an obligation, a liability, an act, or an omission of the other party liable for such debt, obligation, liability, act or omission of the other party, that other party will, at his or her sole expense, defend the party not assuming the debt, obligation, liability, act, or omission of the other party against any such claim or demand, whether or not well founded, and will indemnify the party not assuming the debt, obligation, liability, act, or omission of the other party and hold him or her harmless from all damages resulting from the claim or demand.

Damages, as used in this provision, includes any reasonable loss, cost, expense, penalty, and other damage, including without limitation attorney's fees and other costs and expenses reasonably and necessarily incurred in enforcing this indemnity.

IT IS ORDERED that the indemnifying party will reimburse the indemnified party, on demand, for any payment made by the indemnified party at any time after the entry of the divorce decree to satisfy any judgment of any court of competent jurisdiction or in accordance with a bona fide compromise or settlement of claims, demands, or actions for any damages to which this indemnity relates.

IT IS ORDERED that each party will give the other party prompt written notice of any litigation threatened or instituted against either party that might constitute the basis of a claim for indemnity under this decree.

## Clarifying Orders

Without affecting the finality of this Final Order and Decree on Division of Property and Determination of Conservatorship and Confirmation of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

## Relief Not Granted

IT IS ORDERED that CLIFFORD LAYNE HARRISON's claim of Malicious Criminal Prosecution is DENIED.

IT IS ORDERED that CLIFFORD LAYNE HARRISON's claim of Malicious Civil Prosecution is DENIED.

IT IS ORDERED that all claims for damages alleged by CONNIE VASQUEZ HARRISON against CLIFFORD LAYNE HARRISON be and same are hereby DENIED including, but not limited to, those alleged incidents occurring on January 12, 2006, May 23, 2005, and November 19, 2004.

IT IS ORDERED AND DECREED that all relief requested in this case or all relief that could have been joined in this case that is not expressly granted is denied, and that the parties take nothing. This is a final judgment, for which let execution and all writs and processes necessary to enforce this judgment issue. This judgment finally disposes of all claims of all parties and is appealable.

## Date of Judgment

This final order is judicially PRONOUNCED AND RENDERED in Court at Houston, Harris County, Texas, on February 13, 2015 and further noted on the court's docket sheet on the same

date, but signed on __March 26th__, 2015.

_____
HONORABLE ALICIA K. FRANKLIN

APPROVED AS TO FORM ONLY:

*Schlanger, Silver, Barg & Paine, LLP*

By: _____
      Patricia A. Wicoff
      State Bar No. 21422500
      Amy R. Harris
      State Bar No. 24041057
      Attorneys for Petitioner
109 North Post Oak Lane, Suite 300
Houston, Texas 77024
Telephone:    (713) 735-8514
Facsimile:    (713) 351-4514
pwicoff@ssbplaw.com (Non-service emails)
aharris@ssbplaw.com (Non-service emails)
famlawservice@ssbplaw.com (Email service only)

*Connie Vazquez Attorney at Law*

By: _____
      Connie Vasquez Harrison
      State Bar No. 00791929
      Pro Se
5773 Woodway Dr., Suite 1560
Houston, Texas 77057
Telephone:    (713) 444-7873
connie.harrison84@gmail.com

*Law Office of Heather M. Hughes*

By: _____
      Heather M. Hughes
      State Bar No. 00796794
      Amicus Attorney
952 Echo Lane, Suite 475
Houston, Texas 77024
Telephone:    (713) 463-5505
Facsimile:    (713) 463-5213
hhughes@hmhugheslaw.com



STATE OF TEXAS
COUNTY OF HARRIS

I, Chris Daniel, District Clerk of Harris County, Texas, certify that
this is a true and correct copy of the original record filed and or recorded
in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____ Deputy

# APPENDIX H
## LETTER FROM SECOND BAPTIST SCHOOL – MARCH 10, 2014



SECOND
BAPTIST
SCHOOL
ESTABLISHED 1946

March 10, 2014

*Via First Class U.S. Mail and*
CERTIFIED MAIL RRR# 7013 1710 0001 3462 0563
Mr. Cliff Harrison
1415 Louisiana, Suite 3700
Houston, Texas 77002

*Via First Class U.S. Mail and*
CERTIFIED MAIL RRR# 7013 1710 0001 3462 0570
Ms. Connie Harrison
5773 Woodway Drive, Suite 156
Houston, Texas 77057

Re:    Victoria and John Harrison

Dear Mr. Harrison and Ms. Harrison:

Second Baptist School has sought to provide a sound spiritual and academic education for your children, John and Victoria.  As expressed in our letter on August 21, 2012, a copy of which is enclosed for your review, as well as in the Reenrollment Commitments you have signed each year, parental cooperation is critical in the educational process.  However, both prior to and since August 21, 2012, disputes and disruptions have consumed both the time and energy of school and church staff.  The continued legal dispute concerning possession and other matters impacting Victoria and John's education has required considerable focus by school employees and has on too many occasions distracted school staff from the school's need to focus on the spiritual and educational needs of all students at the school.

It was the school's sincere hope and understanding that you had both reached an agreement on these matters that would allow everyone concerned to move forward without any further confusion, distractions or questions regarding John and Victoria's education.  Unfortunately, on Thursday, March 6, 2014, the school received an email from Ms. Harrison notifying the school that, in fact, no such agreement has been reached.  Subsequently, you both showed up at the school at the end of the day on Thursday, March 6, 2014 and again on Friday, March 7, 2014.  Once again, the lack of

Harrison v. Harrison
Cause No. 2006-68864
Petitioner's Exhibit # 1

6410 Woodway Drive  •  Houston, Texas 77057  •  713.365.2310  •  secondbaptistschool.org

agreement and clarity regarding how you both will be involved with Second Baptist School has caused distraction and concern for school staff.

As stated in the 2013-2014 Reenrollment Commitment you signed, a copy of which is enclosed for your review, "...if we (either on our part or on the part of our Student) engage in behavior that disrupts the educational process or environment, our Student may be asked to leave the school or may not be permitted to reenroll."

In light of current circumstances, John and Victoria will not be permitted to attend Second Baptist School for the 2014-2015 academic year. Second Baptist School will, however, permit John and Victoria ("students") to finish the 2013-2014 school year if and only if the following conditions are met: Cliff and Connie ("parents") do not engage in altercations or disruptions on Second Baptist Church property; parents follow all policies and instructions given by school and church staff; parents do not disrupt classes; parents refrain from seeking to involve Second Baptist School teachers and staff or Second Baptist Church staff in legal matters in any way, and both parents and students comply with all policies and expectations of Second Baptist School. For the remainder of the 2013-2014 school year, Second Baptist School will continue to comply with the terms of the 2007 court order until such time as we are presented with a valid court judgment or orders that modify the 2007 orders. Second Baptist will not comply with any other directions or requests presented by anyone except the court in this matter. Failure by either of you to act in accordance with the 2007 orders (or any subsequent valid orders or judgment) for the remainder of this school year will result in immediate withdrawal of John and Victoria from the school.

As long as all outstanding tuition and fees are paid in full, we will release transcripts and grades to you or to another educational institution of your choice.

In order to prevent any further distractions for school staff, we ask that you or your attorneys direct any further inquiries or information about these matters to Mr. Philip Fraissinet, Thompson & Horton LLP, Phoenix Tower, 3200 Southwest Freeway, Suite 2000, Houston, Texas 77027; 713.554.6743. Mr. Fraissinet is counsel for Second Baptist Church and School for any further issues related to this matter.

We hope that the remainder of the 2013-2014 will be smooth and pray the Lord's blessings on your family in the future.

In His service,

Jeff D. Williams
Head of School

CLH SBS 000002

# APPENDIX I
# EXHIBIT – EMAIL FROM RELATOR TO MR. HARRISON
## STATING THERE WAS "NO AGREEMENT"
## MARCH 6, 2014

**From:** Connie Harrison <connie.harrison84@gmail.com>
**Date:** March 6, 2014, 4:06:48 PM CST
**To:** Cliff Harrison <Cliff.Harrison@harrisonbettis.com>
**Subject: Court Orders**

YOU know very well there is no agreement and you have known this for a very long time. YOU alleging that there is an agreement over and over again does not work.

YOU don't follow or obey any court order or any agreement so what difference does it make?

YOU know we have been following the 2007 written orders for a long while now. I have asked you many times to send me a draft of a visitation schedule that is best for the kids and that we can both live with and I will work with this, however, you have refused. I am asking you, yet again.

Please send Bobby Newman a Rule 11 agreement that if I deliver the kids to you today at 4:30 p.m., you will return them to me tonight pursuant to the 2007 Court Orders. I will pick up the kids tomorrow and can deliver them to you if we have a Rule 11 agreement that you will return them to me.

# APPENDIX J
## EXHIBIT – EMAIL FROM RELATOR TO SECOND BAPTIST SCHOOL STATING THERE WAS "NO AGREEMENT"


SECOND
BAPTIST
SCHOOL

# Fwd: Harrison Legal Court Orders\John and Victoria Harrison

Keir, Karen <kkeir@secondbaptistschool.org>
To: Justin Smith <jsmith@secondbaptistschool.org>

Thu, Mar 6, 2014 at 1:59 PM

Justin,

FYI. Elizabeth Carlyle will be calling you to discuss this.

Karen

---------- Forwarded message ----------
From: Connie Harrison <connie.harrison84@gmail.com>
Date: Thu, Mar 6, 2014 at 2:18 PM
Subject: Harrison Legal Court Orders\John and Victoria Harrison
To: kkeir@secondbaptistschool.org

From: Connie Harrison <connie.harrison84@gmail.com>
Date: March 6, 2014 2:13:27 PM CST
To: jwilliams@secondbaptistschool.org, ecarlyle@second.org, kkier@secondbaptistschool.org, Levon
Hovnatanian <hovnatanian@mdjwlaw.com>
Cc: Harrison Connie <connieharrison84@gmail.com>
Subject: Harrison Legal Court Orders\John and Victoria Harrison

Dear Dr. Williams and Ms. Carlyle,

This email/letter is to inform Second Baptist School (SBS) that an agreement between Mr.
Cliff Harrison and myself has not been currently reached concerning any issues relating
to the possession\custody of John and Victoria Harrison. The 2007 Court Orders
delivered to your office approximately August 2007 and then again in August 2012 are still
in effect, in full force and the parties\parents should abide by these Orders.

I understand you have recently received communications that an agreement had been
reached by the parties, however, this is not the case and the 2007 Court Orders have not
been superseded. If you should have any questions, I would appreciate very much if you
could please contact me via email and\or contact the appellate attorney, Mr. Levon
Hovnatanian, via email.

The Amicus in this case, Ms. Hughes, has a Motion To Remove The Amicus filed against
her in the trial court at this time, therefore, I would appreciate that if you have questions
concerning the possession of John or Victoria Harrison, to contact me and\or Mr.
Hovnatanian, via email. Also, please see the letter\attachment below sent to you January
2014

Harrison v. Harrison
Cause No. 2006-68864
CEH SBS 000039
Petitioner's Exhibit # 18

Also, please note that in the Court Orders in this case, I pick up the children from school each day of the week. Since John has golf during his physical education period, I will pick him up from SBS at about 2:10 p.m. today. I will pick up Victoria from car pool today at 3:30 p.m., however, she sometimes goes to EED after school and when she does, I pick her up from EED. Could you please confirm your receipt of this email\notification by sending me a quick reply of receipt? I very much thank you.

My profuse apologies that I am still having to go through these difficulties, however, I hope and pray that Mr. Harrison and I will be able to resolve them soon.

Sincerely and many thanks,

Connie Harrison
Begin forwarded message:

> **From:** Connie Harrison <connie.harrison84@gmail.com>
> **Date:** January 28, 2014 12:11:13 PM CST
> **To:** ecarlyle@second.org, jwilliams@secondbaptistschool.org, Levon Hovnatanian <hovnatanian@mdjwlaw.com>
> **Cc:** Harrison Connie <connieharrison84@gmail.com>
> **Subject: Temporary Court Orders\John and Victoria Harrison**
>
> Dear Dr. Williams and Ms. Elizabeth Carlyle,
>
> Please find attached a letter concerning the enforcement of the Court's Temporary Orders as they relate to John and Victoria Harrison.
>
> Please feel free to contact me at any time if you should have any questions, 713-444-7873.
>
> Thank you,
>
> Connie Harrison

 SBS\01'14\letter for possession.doc
55K



CLH SBS 000040

**APPENDIX K**
**FIRST EMERGENCY MOTION TO MODIFY**
**MAY 14, 2014**

CAUSE NO. 2006-68864

| IN THE MATTER OF | § | IN THE DISTRICT COURT OF |
| THE MARRIAGE OF | § | |
| | § | |
| CLIFFORD LAYNE HARRISON | § | |
| AND | § | HARRIS COUNTY, T E X A S |
| CONNIE VASQUEZ HARRISON | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| J.E.L.H., II AND V.M.H., CHILDREN | § | 311TH JUDICIAL DISTRICT |

**EMERGENCY MOTION TO MODIFY THE CURRENTLY CONTROLLING
ORDERS FOR THE MINOR CHILDREN SUBJECTS OF THIS SUIT**

COMES NOW, **CLIFFORD LAYNE HARRISON**, Petitioner in the above referenced cause and files this Emergency Motion to the Mediated Settlement Agreement executed on January 29, 2014. Petitioner is the father of the two minor children subjects of this suit and Respondent, **CONNIE VASQUEZ HARRISON** is the mother of the minor children. The parties currently serve as temporary joint managing conservators of the children.

**I.
Factual Circumstances**

There are two minor children of the marriage:

J.E.L.H., II, ("John"), age 13 who is completing the 7th grade at Second Baptist School; and

V.M.H. ("Victoria"), age 9 who is completing the 4th grade at Second Baptist School.

Second Baptist School is the only school either child has attended since they each commenced kindergarten there.

On January 29, 2014, the parents attended the Court's ordered mediation with John Millard. A mediated settlement agreement was entered with regard to the children with the one exception as to the right/duty to manage the children's college funds. However, the parties remained joint managing conservators of the children. At the time of the execution of the mediated settlement agreement, the children had applied and been accepted to Second Baptist for the upcoming 2014-2015 school year. **CONNIE VASQUEZ HARRISON** was given the authority to make educational decisions subject to the children continuing at Second Baptist. At the time that the MSA was entered into there was no anticipation, expectation or reason to believe that the children would be asked to leave Second Baptist School.

Certified Document Number: 60971360 - Page 1 of 5

On March 10, 2014, the parties received a letter from Second Baptist School, a copy of which is attached hereto as Exhibit A, stating the children would not be allowed to remain at Second Baptist School. Although significant efforts have been made requesting the school administration to reconsider the decisions has been final and irrevocable.

It is now the end of the school year, private schools have made their selections as to the incoming students and these two children are not allowed to return to the only school they have ever attended. Immediate action is necessary to insure that the children will be able to find another school. CONNIE VASQUEZ HARRISON has moved multiple times since the divorce in June, 2010. She currently lives in a rental home and has testified she must vacate at the end of June. That residence is zoned to an inferior elementary school and middle school than those to which CLIFFORD LAYNE HARRISON is zoned.

## II.
### Material and Substantial Change

An emergency situation has arisen as a result of a material and substantial change involving the children. Subsequent to agreeing in the MSA wherein CONNIE VASQUEZ HARRISON would have the right to make education decisions, subject to the children being enrolled in Second Baptist, and to establish the primary residence of the children within Harris County, the children have be excluded from the only school they have known their entire lives. Furthermore, CONNIE VASQUEZ HARRISON has requested that the entire MSA be set aside, stating that she has been a victim of family violence and the circumstances surrounding the family violence *(which alleged violence occurred over 8 years ago)* impaired her ability to make decisions in the best interest of the children. CONNIE VASQUEZ HARRISON has acknowledged that she does not have the mental capacity to make significant decisions for the children. Her actions resulting in the children being ejected from Second Baptist School confirm that inability.

## III.
### Requested Change of Temporary Managing Conservatorship

CLIFFORD LAYNE HARRISON requests this Court, after notice and hearing, to forthwith name him as the temporary sole managing conservator of the minor children. Alternatively, CLIFFORD LAYNE HARRISON asked that he be appointed temporary joint managing conservator with the exclusive right to determine residence of the children and the exclusive right to make educational decisions for the children. CLIFFORD LAYNE HARRISON would show that it is in the best interest of the children that this relief be granted.

Alternatively, and without waiving his request that he be named temporary sole managing conservator, CLIFFORD LAYNE HARRISON requests that he be given the exclusive right to make educational decisions for the two minor children commencing immediately and that he be allowed to enroll the children in the schools to which he is zoned or alternatively, to place the children in a private school of his choice. The requested relief will be in the best interest of the children.

Certified Document Number: 60971360 - Page 3 of 5

## IV.

### An Emergency Condition Exists

An emergency situation involving the children exists. The children cannot return to the school they have attended their entire lives. The children do not have another private school that they may be able to attend in three (3) months when the 2014-1015 academic school year commences. **CONNIE VASQUEZ HARRISON** is not capable of making decisions for the benefit and best interest of the children and her actions have been the direct result of these children suffering the most significant impact to stability in their lives since their parents separated over eight (8) years ago. **CONNIE VASQUEZ HARRISON** is incapable of making rational, logical decisions for the benefit of these children and should immediately be removed from serving in any capacity that would enable her to do so in the future. She is incapable of understanding the destructive nature of her actions and the devastating impact of those actions on the children.

**CLIFFORD LAYNE HARRISONORD LAYNE HARRISON** has set forth in additional detail the facts and circumstances reflecting the nature of the emergency and the need for the requested relief in the attached **Exhibit B** which is incorporated herein for all intents and purposes.

## V.

### Payment of Amicus Attorney

As a direct result of **CONNIE VASQUEZ HARRISON**'s actions it has been necessary for the court appointed Amicus Attorney, Heather Hughes, to become more involved in the litigation. As a result, fees have been incurred by Heather Hughes which must be paid. There is currently in the registry of the court the sum of $14,364.93 which sum should be utilized to pay all future invoices by the Amicus attorney until such funds are extinguished.

**WHEREFORE PREMISES CONSIDERED, CLIFFORD LAYNE HARRISONORD LAYNE HARRISON** requests this court, after notice and hearing, to grant the relief requested herein.

Movant prays for any other relief to which she may be justly entitled.

Respectfully submitted,

*Schlanger, Silver, Barg & Paine, LLP*

By: _____

        Patricia A. Wicoff
        State Bar No. 21422500
        Attorney for Petitioner
109 North Post Oak Lane, Suite 300
Houston, Texas 77024
Telephone:    (713)   735-8514
Facsimile:     (713)   351-4514
pwicoff@ssbplaw.com (Non-service emails)
famlawservice@ssbplaw.com (Email service only)

## Notice of Hearing

The above motion is set for hearing on _____ at _____ in the 311th Judicial District Court of Harris County, Texas.

SIGNED on _____.

_____

Judge or Clerk

## Certificate of Conference

I hereby certify that I attempted to resolve the controverted matters set forth in the foregoing motion without Court intervention and all such attempts have failed. Agreement could not be reached; therefore, the motion is presented to the Court for a determination.

_____

Patricia A. Wicoff
Attorney for Petitioner

Certified Document Number: 60971360 - Page 4 of 5

## Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on the 14th day of May, 2014.

Christopher W. Martin
**MARTIN, DISIERE, JEFFERSON & WISDOM, LLP**          *via electronic delivery*
808 Travis Street, 20th Floor
Houston, Texas 77002

David M. Medina
**BRENT COON & ASSOCIATES**          *via electronic delivery*
300 Fannin, Suite 200
Houston, Texas  77002

Ms. Heather Hughes
**LAW OFFICE OF HEATHER M. HUGHES**          *via electronic delivery*
952 Echo Lane Suite 410
Houston, Texas, 77024

Patricia A. Wicoff
Attorney for Petitioner

Certified Document Number: 60971360 - Page 5 of 5



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 30, 2015

Certified Document Number:        60971360 Total Pages:  5

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# APPENDIX L
# MOTION FOR ENFORCEMENT
# SEPTEMBER 2, 2014

CAUSE NO. 2006-68864

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT OF |
| THE MARRIAGE OF | § | |
| | § | |
| CLIFFORD LAYNE HARRISON | § | |
| AND | § | |
| CONNIE VASQUEZ HARRISON | § | HARRIS COUNTY, T E X A S |
| | § | |
| AND IN THE INTEREST OF | § | |
| JOHN ERNEST LEE HARRISON, II AND | § | |
| VICTORIA MADELINE HARRISON | § | |
| CHILDREN | § | 311TH JUDICIAL DISTRICT |

## MOTION FOR ENFORCEMENT OF POSSESION AND ACCESS
## AND ORDER TO APPEAR

**COMES NOW, CLIFFORD LAYNE HARRISON,** Movant in the above entitled and numbered cause and files this Motion for Enforcement of Possession or Access.

1. Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

2. Movant, **CLIFFORD LAYNE HARRISON** is the father and joint managing conservator of the two children subjects of this suit.

The last three numbers of **CLIFFORD LAYNE HARRISON's** Texas driver's license number are **572.** The last three numbers of **CLIFFORD LAYNE HARRISON's** Federal Social Security number are **717.**

3. The two children subjects of this suit are:

Name:        **JOHN ERNEST LEE HARRISON, II**
Sex:         Male
Birth date:  September 2, 2000

Name:        **VICTORIA MADELINE HARRISON**
Sex:         Female
Birth date:  July 27, 2004

4. This Court has continuing, exclusive jurisdiction of this case as a result of prior proceedings.

Certified Document Number: 62191262 - Page 1 of 8

799105.1

5.      The parties entitled to notice are as follows:

Respondent, **CONNIE VASQUEZ HARRISON,** the mother and joint managing conservator of the two minor children subjects of this suit.

Process should be served on Respondent at 9627 Judalon Lane, Houston, Texas 77063, or wherever she may be found.

6.      Case History -

This divorce action was filed in 2006.   After numerous continuances, resets, and Respondent's changes in counsel (approximately 9 at the time of trial), this case was tried to a jury beginning in March 2010 and ending in April 2010.

The Court signed a decree in June 2010.

Respondent appealed the final order in September 2010.

In December 2012, the 14th Court of Appeals reversed and remanded the case to the trial court for a new trial, with the exception that the 14th Court of Appeals affirmed the divorce between the parties as of June 2010.

Again, this case was preferentially set for trial a number of times in 2013 and into the beginning of 2014.

Pursuant to court order, the parties participated in mediation and signed a mediated settlement agreement in January 2014.

In April 2014, the Court signed an order to comport with the mediated settlement agreement.

7.      This matter has resulted in multiple orders and a mediated settlement agreement, therefore Movant lists the orders and the agreement affecting this Motion for Enforcement in chronological order:

a.      The *"Interim Agreed Order"* (April 10, 2014 - present)

On April 10, 2014 in Cause No. 2006-68864, styled *"In the Matter of the Marriage of Clifford Layne Harrison and Connie Vasquez Harrison,"* In the 311th District Court of Harris County, this Court signed an Interim Agreed Order on Parent-Child Issues (a copy is attached hereto as Exhibit A and is incorporated by referenced as if fully set forth herein) that states in relevant part as follows:

Certified Document Number: 62191262 - Page 2 of 8

*"Possession and Access*

1.      *Modified Possession Order*

IT IS ORDERED that each conservator shall comply with all terms and conditions of this Modified Possession Order. IT IS ORDERED that this Modified Possession Order is effective immediately and applies to all periods of possession occurring on and after the date the Court signs this Modified Possession Order. IT IS, THEREFORE, ORDERED:

(a)      Definitions

1.      In this **Modified Possession Order** "school" means the primary or secondary school in which the child is enrolled or, if the child is not enrolled in a primary or secondary school, the public school district in which the child primarily resides.

2.      In this Modified Possession Order "child" includes each child, whether one or more, who is a subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

(b)      Mutual Agreement or Specified Terms for Possession

IT IS ORDERED that the conservators shall have possession of the child at times mutually agreed to in advance by the parties, and, in the absence of mutual agreement, IT IS ORDERED that the conservators shall have possession of the child under the specified terms set out in this Modified Possession Order.

(c)      Parents Who Reside 100 Miles or Less Apart

Except as otherwise expressly provided in this Modified Possession Order, when CLIFFORD LAYNE HARRISON resides 100 miles or less from the primary residence of the child, CLIFFORD LAYNE HARRISON shall have the right to possession of the child as follows:

1.      Weekends –

On weekends that occur during the regular school term, beginning at the time the child's school is dismissed, on the first, third, and fifth Friday of each month and ending at the time the child's school resumes after the weekend.

On weekends that do not occur during the regular school term, beginning at 6:00 p.m., on the first, third, and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday.

2. **Weekend Possession Extended by a Holiday** –

Except as otherwise expressly provided in this Modified Possession Order, if a weekend period of possession by CLIFFORD LAYNE HARRISON begins on a student holiday or a teacher in-service day that falls on a Friday during the regular school term, as determined by the school in which the child is enrolled, or a federal, state, or local holiday that falls on a Friday during the summer months when school is not in session, that weekend period of possession shall begin at the time the child's school is dismissed on the Thursday immediately preceding the student holiday or teacher in-service day and 6:00 p.m. on the Thursday immediately preceding the federal, state, or local holiday during the summer months.

Except as otherwise expressly provided in this Modified Possession Order, if a weekend period of possession by CLIFFORD LAYNE HARRISON ends on or is immediately followed by a student holiday or a teacher in-service day that falls on a Monday during the regular school term, as determined by the school in which the child is enrolled, or a federal, state, or local holiday that falls on a Monday during the summer months when school is not in session, that weekend period of possession shall end at 6:00 p.m. on that Monday.

3. Mondays - On Mondays following the 1st and 3rd Fridays of each month during the regular school term, beginning at the time the child's school is dismissed and ending at the time the child's school resumes on the following Tuesday.

4. Thursdays - On Thursdays of each week during the regular school term, beginning at the time the child is dismissed from school and ending at the time the child is returned to school after that Thursday.

…

*Permanent Injunctions as to Persons*

The Court finds that, because of the conduct of CLIFFORD LAYNE HARRISON and CONNIE VASQUEZ HARRISON, a permanent injunction against them should be granted as appropriate relief because there is no adequate remedy at law.

The permanent injunction granted below shall be effective immediately and shall be binding on CLIFFORD LAYNE HARRISON and CONNIE VASQUEZ HARRISON; on their agents, servants, employees, and attorneys; and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise.

IT IS ORDERED AND DECREED that CLIFFORD LAYNE HARRISON and CONNIE VASQUEZ HARRISON are permanently enjoined from:

…

2. Discussing this divorce litigation, or any issues surrounding this litigation with the parties' children; and "

b. The *"Additional Temporary Orders"* (May 30, 2014 - present)

On May 30, 2014 in Cause No. 2006-68864, styled *"In the Matter of the Marriage of Clifford Layne Harrison and Connie Vasquez Harrison,"* In the 311th District Court of Harris County, this Court signed Additional Temporary Orders (a copy is attached hereto as <u>Exhibit B</u> and is incorporated by referenced as if fully set forth herein) that states in relevant part as follows:

<u>Pages 2</u>

*"Order of the Court*

*The Court, having heard the evidence and argument of counsel, makes the following order:*

*IT IS ORDERED that CLIFFORD LAYNE HARRISON shall have the right to pursue enrolling the children into First Baptist Academy which pursuit shall be uninterrupted by CONNIE VASQUEZ HARRISON.*

*IT IS ORDERED that CONNIE VASQUEZ HARRISON is immediately enjoined from communicating in any manner with any teacher or other personnel at First Baptist Academy until further order of this Court.*

*IT IS ORDERED that in the event the children do not attend First Baptist Academy then, and in that event, the children shall attend the public schools to which CLIFFORD LAYNE HARRISON's residence is zoned, ie, Briargrove Elementary and Grady Middle School."*

Certified Document Number: 62191262 - Page 5 of 8

Movant was the Petitioner and Respondent was the Respondent in the prior proceedings.

9. *Violations*

Respondent has failed to comply with the orders described above as follows:

<u>Relating to the terms and provisions of the Interim Agreed Order -</u>

**Violation No. 1:** On or about July 28, 2014, **CONNIE VASQUEZ HARRISON** failed to comply with terms of this order by failing to adhere to the permanent injunctions relating to discussing the divorce litigation, or issues surrounding the litigation with children, see letter from *JOHN ERNEST HARRISON* attached hereto <u>Exhibit C</u> and is fully incorporated herein for all purposes.

**Violation No. 2:** On August 15, 2014, **CLIFFORD LAYNE HARRISON** was denied access to the minor children, *JOHN ERNEST HARRISON* and *VICTORIA MADELINE HARRISON,* for his weekend period of possession.

**Violation No. 3:** On August 27, 2014, **CLIFFORD LAYNE HARRISON** was denied access to the minor children, *JOHN ERNEST HARRISON* and *VICTORIA MADELINE HARRISON,* at the time the children were dismissed from school for the Thursday overnight possession period and weekend extended by the holiday.

<u>Relating to the terms and provisions of the Additional Temporary Orders</u>

**Violation No. 4:** **CONNIE VASQUEZ HARRISON** has intentionally and willfully failed to adhere to the court's order pertaining to the children's enrollment in school. **CONNIE VASQUEZ HARRISON** has facilitated the enrollment of *JOHN ERNEST HARRISON* in a school other than Grady Middle School.

10. Movant requests that Respondent be held in contempt, jailed, and fined for the violations alleged above.

11. Movant believes, based on Respondent's conduct, the repeated and ongoing history of Respondent's conduct, and the history of the willful failure to comply with Court orders, that Respondent will continue to fail to comply with the orders of the Court. Therefore, Movant requests that Respondent be held in contempt, jailed, and fined for each failure to comply with the order of the Court from the date of this filing to the date of the hearing on this motion.

12. Movant requests that Respondent be confined in the county jail for ninety (90) days.

Certified Document Number: 62191262 - Page 6 of 8

13. On repeated occasions, Respondent has failed to comply with the order of the Court by failing to surrender or returning the children to **CLIFFORD LAYNE HARRISON,** or intentionally interfering with designated periods of possession and access with the children and **CLIFFORD LAYNE HARRISON** as ordered.

Specifically, Movant has previously filed enforcement actions against **CONNIE VASQUEZ HARRISON** for similar conduct of denying periods of possession and access to the children. The two (2) prior actions were brought on or about _November 15, 2011_ and on _August 28, 2012_. Further, a third enforcement is set to be heard on _September 3, 2014_. The filing of this enforcement action will be **CLIFFORD LAYNE HARRISON's** _fourth_ request for enforcement due to **CONNIE VASQUEZ HARRISON's** failure to follow this Court's orders and the intentional, willful denial of access between Movant and the children.

Movant requests that the Court order a bond or security for compliance with the Court's order granting possession of or access to the children.

14. Movant requests that the Court order additional periods of access for Movant to compensate for those periods denied by Respondent.

15. Movant requests that, if the Court finds that any part of the order sought to be enforced is not specific enough to be enforced by contempt, the Court enter a clarifying order more clearly specifying the duties imposed on Respondent and giving Respondent a reasonable time within which to comply.

16. It was necessary to secure the services of Patricia A. Wicoff and Amy R. Harris, licensed attorneys, and the law firm of Schlanger, _Silver, Barg & Paine, LLP,_ to enforce and protect the rights of Clifford Layne Harrison and the children the subject of this suit. Respondent should be ordered to pay reasonable attorney's fees, expenses, and costs, and a judgment should be rendered in favor of the attorney and against Respondent and be ordered paid directly to the undersigned attorney, who may enforce the judgment in the attorney's own name. Enforcement of the order is necessary to ensure the children's physical or emotional health or welfare. The attorney's fees and costs should be enforced by any means available for the enforcement of child support including contempt but not including income withholding. Movant requests postjudgment interest as allowed by law.

Movant prays that Respondent be held in contempt and punished as requested, that the Court order a bond or security, that the Court clarify any part of its prior order found not to be specific enough to be enforced by contempt, for attorney's fees, expenses, costs, and interest, and for all further relief authorized by law.

Certified Document Number: 62191262 - Page 7 of 8

Respectfully submitted,

*Schlanger, Silver, Barg & Paine, LLP*

By: _____/s/ Patricia A. Wicoff_____
           PATRICIA A. WICOFF
           State Bar No. 21422500
           AMY R. HARRIS
           State Bar No. 24041057
           Attorneys for Petitioner, Cliff Harrison
109 North Post Oak Lane, Suite 300
Houston, Texas 77024
Telephone:    (713)   735-8514
Facsimile:    (713)   351-4514
pwicoff@ssbplaw.com (Non-service emails)
aharris@ssbplaw.com (Non-service emails)
famlawservice@ssbplaw.com (Email service only)

Certified Document Number: 62191262 - Page 8 of 8



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this ___April 30, 2015___

Certified Document Number:        62191262 Total Pages:  8

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# APPENDIX M
# SECOND MOTION TO MODIFY
# AUGUST 19, 2014

## CAUSE NO. 2006-68864

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT OF |
| THE MARRIAGE OF | § | |
| | § | |
| CLIFFORD LAYNE HARRISON | § | |
| AND | § | HARRIS COUNTY, T E X A S |
| CONNIE VASQUEZ HARRISON | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| J.E.L.H., II AND V.M.H., CHILDREN | § | 311TH JUDICIAL DISTRICT |

### PETITIONER'S MOTION TO SET ASIDE THE MEDIATED SETTLEMENT AGREEMENT ON PARENT-CHILD ISSUES OR ALTERNATIVELY, MOTION TO MODIFY THE INTERIM ORDER CONCERNING PARENT-CHILD ISSUES

COMES NOW, CLIFFORD LAYNE HARRISON, Petitioner in the above referenced cause and files this Petitioner's Motion to Set Aside the Mediated Settlement Agreement on Parent Child Issues or Alternatively, Motion to Modify the Interim Order Concerning Parent-Child Issues.

### I.
### INTRODUCTION

#### 1. Parties

a. **CLIFFORD LAYNE HARRISON** is the Petitioner in the above entitled and numbered cause and the father of the two minor children subjects of this suit.

b. **CONNIE VASQUEZ HARRISON** is the Respondent in the above entitled and numbered cause and the mother of the two minor children subjects of this suit.

c. Heather Hughes is the Court appointed AMICUS attorney for the two minor children subjects of this suit.

#### 2. Cause of Action

This is a divorce case involving complex property issues, custody and personal injury tort issues.

#### 3. Discovery

Discovery in this suit is governed by a Level 2 discovery control plan.



Harrison v. Harrison
Cause No. 2006-68864
Petitioner's Exhibit # 14

**4.** **Trial**

This matter was preferentially set to a jury beginning September 2, 2014, but as of the date of the filing of this Motion, this case is now preferentially set for a jury trial on January 20, 2015.

## II.
## FACTS

1. This proceeding is pending before this Court as a result of a remand from the 14th Court of Appeals, which affirmed the Court's granting of the parties' divorce but reversed the remainder of the Decree and remanded the case for a new trial.

2. The parties along with their respective counsel and the Court appointed AMICUS attended Court Ordered mediation on January 29, 2014, with John Millard. The parties signed an agreement that day, and a true and correct copy of the mediated settlement agreement on parent child issues is attached hereto as Exhibit A.

3. **CONNIE VASQUEZ HARRISON** has acknowledged in her previous pleading entitled "Motion to Set Aside Purported Mediated Settlement Agreement on Parent Child Issues" filed approximately 6 weeks after the mediation that she has "impaired ability to make decisions" and that the mediated agreement "is not in the best interest of the children". **CLIFFORD LAYNE HARRISON** completely agrees that **CONNIE VASQUEZ HARRISON** is mentally impaired, not as a result of his actions but due to her own mental instability, and further agrees that the agreement is no longer in the best interest of the children. The "family violence" to which **CONNIE VASQUEZ HARRISON** alludes is an incident which occurred over 8 years ago. Regardless, **CONNIE VASQUEZ HARRISON** and **CLIFFORD LAYNE HARRISON** are in _agreement_, as reflected in their respective pleadings, that the mediated settlement agreement should be set aside.

4. Since January 29, 2014, **CONNIE VASQUEZ HARRISON** has become increasingly unraveled, bizarre, and argumentatively abusive in her behavior which has and continues to seriously affect and damage the children. Since the agreement was signed less than 8 months ago, **CONNIE VASQUEZ HARRISON** has engaged in the following behavior:

   a. She has unilaterally engaged in conduct which directly resulted in Second Baptist School withdrawing the children's admittance to the school for the 2014-2015 academic school year, which consequently resulted in multiple Court appearances and ultimately this Court *enjoined* **CONNIE VASQUEZ HARRISON** from communicating with First Baptist School so that **CLIFFORD LAYNE HARRISON** had the opportunity to apply to their school, see Exhibit B;

b.  She has withheld the children from **CLIFFORD LAYNE HARRISON** during his designated periods of access resulting in the filing of a third contempt motion filed against her;

c.  Even after the service of the third contempt motion, she has continued to deny **CLIFFORD LAYNE HARRISON** access to the children;

d.  She has failed to allow any communication between **CLIFFORD LAYNE HARRISON** and his children, telephonic or otherwise;

e.  She has encouraged, aided and assisted the older son to send a letter to his father suggesting he no longer wanted to see him (a true and correct copy is attached as Exhibit C);

f.  She has failed to prepare the children for the new schools they will attend, including a total lack of communication with **CLIFFORD LAYNE HARRISON** regarding school supplies, books, uniforms, reading assignments and school registration;

g.  She instigated a physical altercation with **CLIFFORD LAYNE HARRISON** when he went to retrieve the children for visitation and stole his cell phone when she realized **CLIFFORD LAYNE HARRISON** started recording her behavior;

h.  She has engaged in a course of conduct designed with the specific intent of alienating the children from their father; and

i.  She is engaging in ongoing conduct that indicates she is mentally unstable on multiple levels and such instability is having a disastrous effect on these children.

### III.
### TEMPORARY MANAGING CONSERVATORSHIP

**CLIFFORD LAYNE HARRISON** requests this Court, after notice and hearing, to forthwith name him as the temporary sole managing conservator of the minor children. Alternatively, **CLIFFORD LAYNE HARRISON** asked that he be appointed temporary joint managing conservator with the exclusive right to determine residence of the children and the exclusive right to make educational decisions for the children. **CLIFFORD LAYNE HARRISON** would show that it is in the best interest of the children that this relief be granted.

Alternatively, and without waiving his request that he be named temporary sole managing conservator, **CLIFFORD LAYNE HARRISON** requests that he be the parent conservator with the exclusive right to make all educational decisions for the children and that he have the exclusive right to determine the primary residence of the children. The requested relief will be in the best interest of the children.

Regardless of whether the Court names **CLIFFORD LAYNE HARRISON** the temporary sole managing conservator or joint managing conservator with the exclusive rights to determine the children's primary residence and to make all educational decisions, the Court should strictly **ORDER** that any and all periods of access between **CONNIE VASQUEZ HARRISON** and the children be under the direct supervision of an appointee of this Court for a period of time this Court deems appropriate.

## IV.
## PAYMENT OF AMICUS ATTORNEY

As a direct result of **CONNIE VASQUEZ HARRISON**'s actions it has been necessary for the court appointed Amicus Attorney, Heather Hughes, to become more involved in the litigation. As a result, fees have been incurred by Heather Hughes which must be paid. There is currently in the registry of the court the sum of $14,364.93 which sum should be utilized to pay all future invoices by the Amicus attorney until such funds are extinguished.

## IV.
## ARGUMENTS AND AUTHORITIES

1. The Court can set aside the mediated settlement agreement as no final order has been entered with regard to the children and both parties acknowledge in pleadings on file with this Court that the agreement reached almost 8 months ago is no longer in the best interest of the children;

2. This Court has the authority to set aside the mediated settlement agreement under the terms of TFC 153.007, and further that both parties have filed motions to have the mediated settlement agreement set aside;

3. The mediated settlement is not in the best interest of these children and because of the actions and behavior of **CONNIE VASQUEZ HARRISON**, the agreement is detrimental to the emotional and physical wellbeing of the children the subject of this suit.

4. Alternatively, a material and substantial change involving the children and/or one of the parties since the execution of the mediated settlement agreement has occurred and such change requires the attention of the Court to protect the children.

**WHEREFORE PREMISES CONSIDERED, CLIFFORD LAYNE HARRISON** requests this Court, after notice and hearing, to grant the relief requested herein and prays the Court set aside the purported mediated settlement agreement on parent child issues in this cause.

Movant prays for any other relief to which he may be justly entitled.

Respectfully submitted,

*Schlanger, Silver, Barg & Paine, LLP*

By:_____/s/ Patricia A. Wicoff_____
        Patricia A. Wicoff
        State Bar No. 21422500
        Amy R. Harris
        State Bar No. 24041057
        **Attorneys for Petitioner**
109 North Post Oak Lane, Suite 300
Houston, Texas 77024
Telephone:   (713)  735-8514
Facsimile:    (713)  351-4514
pwicoff@ssbplaw.com (Non-service emails)
aharris@ssbplaw.com (Non-service emails)
famlawservice@ssbplaw.com (Email service only)

## Notice of Hearing

The above motion is set for hearing on ***September 2, 2014*** at ***9:00 a.m.*** in the 311th Judicial District Court of Harris County, Texas.

SIGNED on _____.

_____
Judge or Clerk

## Certificate of Conference

I hereby certify that I attempted to resolve the controverted matters set forth in the foregoing motion without Court intervention and all such attempts have failed. Agreement could not be reached; therefore, the motion is presented to the Court for a determination.

By:_____/s/ Patricia A. Wicoff_____
        Patricia A. Wicoff
        Attorney for Petitioner, Cliff Harrison

## Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on August19, 2014.

Christopher W. Martin
**MARTIN, DISIERE, JEFFERSON & WISDOM, LLP**    *via email martin@mdjwlaw.com*
808 Travis Street, 20th Floor
Houston, Texas 77002

Ms. Heather Hughes
**LAW OFFICE OF HEATHER M. HUGHES**    *via email hughes@hmhugheslaw.com*
952 Echo Lane Suite 410
Houston, Texas, 77024

By:_____/s/ Patricia A. Wicoff_____
Patricia A. Wicoff
Attorney for Petitioner, Cliff Harrison